# CASES

DECIDED IN THE

## COURT OF CHANCERY OF NEW-JERSEY,

## OCTOBER TERM, 1831.

---

### MARTHA MILLER v. JONATHAN W. MILLER.

Application to discharge a *ne exeat*, not having been made until after the cause was noticed for final hearing, refused.

All such parts of depositions, as go to prove matters in no way put in issue by the pleadings, ordered to be stricken out.

The statute (*Rev. L.* 667, *s.* 2) directing that answers to bills of divorce "shall not be under oath;" the answer, though sworn to, cannot be considered as evidence for any purpose.

This court, under the statute, (*Rev. L.* 668, *s.* 10,) has original jurisdiction to allow alimony, although there is no decree for a divorce.

Articles of separation, signed by the parties, are no bar to the claim of the wife upon the husband for alimony.

The effects of the marriage are, that the husband and wife are one person : he hath power over her person as well as estate, and he is bound to maintain her in a suitable manner, according to his circumstances : the wife, by marriage, has parted with her property, and placed herself under the control of her husband, and looks to him for support.

Although the wife voluntarily left her husband's house, but afterwards offered to return; yet he has separated himself from her, and refuses to provide for her : the court ought to order a suitable maintenance to be provided for her by her husband.

The usual course is, to refer it to a master, to ascertain and report what ought to be paid for the wife's support. But testimony having been taken, and the matter debated on the hearing, and neither party requesting a reference, the allowance was fixed by the court.

Decreed, that the husband allow the wife one hundred dollars per annum, in half-yearly payments, until the farther order of the court; that he give security for the payment thereof, and pay the costs of the suit; and that either party have liberty to apply to the court for an alteration of the alimony.

THE complainant sets forth in her bill, that she was lawfully married to the defendant, Jonathan W. Miller, in the year eighteen hundred and eleven, and shortly after went and lived with him as his lawful and acknowledged wife, and so continued for a period of seventeen years; having by her said husband five children, three sons and two daughters: and the object of the complainant's bill is, to set aside the articles of separation therein set forth, alleged to be obtained by threats and promises, and without consideration; and for alimony.

William Tuttle, the trustee and one of the defendants, put in his answer, denying that the said complainant, when she executed the said articles, was under the influence of fear or of promises; but says that she did the same understandingly.

Jonathan W. Miller, the complainant's husband, also put in his answer to her said bill; and among other things, admits the marriage; but charges her with adultery, and that upon the discovery thereof she confessed it, and agreed to separate and live apart from her said husband; that an article of separation was prepared and executed, which is set forth in the said answer; and having discovered that the same was inartificially drawn, he procured another deed of separation to be drawn, which is the article set forth in the complainant's said bill, which article she read, and it was also read to her, before its execution; and he denies that he made use of any threats or promises to induce her to sign it, but says that she signed it freely and voluntarily.

To these answers replications were filed, and the parties made exhibits, and examined numerous witnesses.

Shortly before the hearing, an application was made, in pursuance of notice, to discharge the writ of *ne exeat* issued in the cause, and also to strike out and suppress the testimony of certain witnesses examined on the part of the complainant, which were named in the said notice.

The chancellor having been of counsel with one of the par-

ties, E. Vanarsdale, esquire, one of the masters of the court, was called to sit and hear the cause: which, by consent of the parties, was argued and debated before the master, at Newark, in March last, by

*Th. Frelinghuysen,* for the complainants;

*J. W. Scott* and *T. A. Hartwell,* for the defendants.

At the present term, the following opinion was delivered:—

VANARSDALE, M. The defendant, Jonathan W. Miller, having delayed his application until after the cause was noticed for final hearing, the motion to discharge the *ne exeat* was denied. With respect to the application to strike out testimony, the same was held under advisement, and the parties proceeded with the argument of the cause. And having considered of the said application, I am of opinion, that all such parts of the depositions of the said witnesses as prove, or tend to prove, immoral acts or conduct, or reports or hearsay of immoral acts or conduct, by the said Jonathan W. Miller, with one Susan Bullman, a person named and referred to in the said depositions, ought to be struck out by the clerk of the court; such immoral conduct or act, report or hearsay, being noways put in issue by the pleading in the cause: but the residue of the said application to strike out is denied.

It may be proper to observe, that the answer of Jonathan W. Miller is put in under oath. In the case of *Tomkins* v. *Tomkins,* in this court, the defendant's answer was sworn to. Chancellor Williamson says, I am of opinion that I cannot consider her affidavit to the answer as evidence for any purpose.

The legislature have directed, that in all cases of divorce, the answer shall not be under oath. (*Rev. L.* 667, *s.* 2.) In the same act, jurisdiction of causes for alimony is given to the court, and the same practice and procedure is directed. I shall, therefore, consider Mr. Miller's answer as if it had not been sworn to.

According to the course of proceeding in England, it would be necessary to set aside the articles of separation, and incidentally to give the alimony prayed for. In the case of *Ball* v. *Mont-*

*gomery,* 2 *Ves. jr.* 195, the lord chancellor says, " I take it to be the established law, that no court, not even the ecclesiastical court, has any original jurisdiction to give a wife separate maintenance." But in this state, I consider this court has original jurisdiction. By statute, (*Rev. L.* 663, *s.* 10,) it is enacted, " that in case a husband, without any justifiable cause, shall abandon his wife, or separate himself from her, and refuse or neglect to maintain and provide for her, it shall and may be lawful for the court of chancery to decree and order such suitable support and maintenance to be paid and provided by the said husband, for the wife and her children, or any of them by that marriage, or out of his property, and for such time as the nature of the case and circumstances of the parties render suitable and proper, in the opinion of the court, and to compel the defendant to give reasonable security for such maintenance and allowance."

In the case of *Melony* v. *Melony,* in this court, decided by chancellor Williamson, upon a bill filed by the wife against the husband for divorce and alimony, the court declared there was no case stated in the bill or proved in evidence, which could warrant a decree for a divorce, but proceeded to make a decree for alimony. I have therefore no doubt that this court has jurisdiction to allow alimony, although no decree is made nor opinion given respecting the said articles of separation.

I have considered of the testimony in this cause, concerning the manner in which these articles of separation are alleged to have been obtained. The acts of ill usage proved prior to the execution thereof, are so distant therefrom, and were attended with such circumstances, that I see no reasonable ground to believe that they had any influence in procuring said articles; and as to the time the same were executed, there is no sufficient proof that they were obtained by the threat or promises charged in the bill.

Jonathan W. Miller, in his answer, says, that the complainant, upon being charged with adultery, confessed it; and thereupon they agreed to live separate. And I have no doubt that such confession was the cause of their agreement to live apart, and of procuring the said articles to be executed. Mr. Miller ought not to be blamed for wishing to live apart from his wife,

after she had made such confessions; but he ought to have applied to a proper tribunal for that purpose, or provided her with suitable support. Nor could it be expected that he would be satisfied with the excuse that she denied it shortly after, nor that she said she would die sooner than confess it again.

It may be that if the husband seek for a divorce against his wife on the charge of adultery, he must prove it; but the case is different when she seeks to be relieved against articles founded upon her confession of the charge. Without, therefore, entering into the question of the consideration, the master is of opinion, that this court ought not to set aside the said articles. Whether they will bar the complainant from the recovery of alimony, which is founded on the marriage contract, remains to be considered.

Two objections are made to it:—1. That she has committed adultery. 2. That she is barred by the articles of separation.

As to the charge of adultery, it could answer no useful purpose to state and compare the evidence on both sides. I have considered of it, and the arguments of the counsel. The evidence in support of the charge is contradicted by evidence on the part of the complainant; and each party has attempted to discredit the testimony on the other side. My opinion is, after considering the circumstances of this case, that the charge is not sufficiently proved to bar the complainant's claims for alimony.

With respect to the articles of separation, it is therein agreed, among other things, to live separate, and that the said Jonathan was not to claim any thing he might give her within ten days, nor such property as she might afterwards acquire; and was to pay to the said Martha yearly, on the first day of May, during her natural life, the sum of one dollar, which sum she accepted in full satisfaction for her support and maintenance, and of all alimony during coverture, and dower in case the said Martha survived the said Jonathan.

By these articles no provision is made for the support of the complainant, the annual payment being a mere nominal sum. It does not appear from the testimony that she had a separate property for her maintenance, nor that the clothing taken by her and property given to her within the ten days mentioned in the

articles, would answer for that purpose. How, then, is the complainant to be supported? Her friends may do it if they please, but they are under no legal obligation to provide for her : nor are the public bound to support her as long as her husband is of ability to do it.

By marriage with a woman, the husband is entitled to an absolute or qualified right to all her estate, real and personal ; and the effects of the marriage are, that the husband and the wife are accounted one person, and he hath power over her person as well as estate, and he is bound to support and maintain her in a suitable manner, according to his circumstances. The wife, by marriage, has parted with her property, placed herself under the control of her husband, and looks to him for support.

In the before mentioned case of *Melony* v. *Melony*, the chancellor says, " I am clearly of opinion that the agreement between the parties to live in a state of separation, cannot be recognized in this court as valid, and that such agreement is a direct contravention of the marriage contract. It is contrary to sound policy as well as morality, that the parties who have entered into the marriage state should be permitted to separate, and agree that they will live in a state of separation, and free from the obligations imposed on them by the marriage. The marriage contract cannot be annulled and cancelled, nor the parties absolved from their obligations of it by their private agreement." And he further observes, that the complainant, in his opinion, " had a right to put an end to that agreement whenever she pleased, and to call on her husband for the fulfilment of his marital obligations. What remedy the husband might have upon the agreement, against the trustee, is not now a question for consideration. And I think it sufficiently proved, that the complainant has offered to return and live with the defendant, and that he refuses to live with her, and neglects to provide for her or to maintain her according to his circumstances and situation in life."

In the before mentioned case of *Tomkins* v. *Tomkins*, the chancellor remarks, "A husband has no right, upon a charge of adultery against his wife, to turn her out of doors, or by his cruelty to drive her from his house destitute and unprovided for." And again : " It may have been the misfortune of a husband to

Oct. 1831.

Miller
v.
Miller.

have connected himself in marriage with a profligate and aban-
doned woman ; but his obligation to maintain her continues until
the marriage bonds are legally dissolved, or she voluntarily sepa-
rates herself from him : 6 *Mad.* 171, *S. C.* ; 1 *Salk.* 119 ; 1
*Esp.* 441."

In *Nurse* v. *Craig*, 5 *Bos. and P.* 148, the husband and
wife lived separate, and he covenanted by deed with his wife's
sister to pay a certain weekly allowance during their separation ;
and the wife afterwards lived with her sister, and was by her
supplied with necessaries.   The husband failed to pay the stipu-
lated allowance.   The wife's sister maintained indebitatus as-
sumpsit against the husband for necessaries.   It was objected, she
ought to have sued on the covenant ; but the majority of the
court held, that as the husband had failed to pay according to
the agreement, he was liable for the necessaries furnished for his
wife.

It seems only necessary to add, that it is the opinion of the
master, that the articles of separation mentioned in the pleadings
are no bar to her claims on her husband for alimony.

In the present case, although it appears that the complainant
voluntarily left her husband's house, it also appears, that after-
wards she offered to return ; that he has separated himself from
his said wife and refuses and neglects to provide for her ; and it
is my opinion that the court ought to decree and order her suita-
ble support and maintenance, to be provided for her by her said
husband.

What is such suitable support and maintenance, remains to be
determined.   The usual course in such cases is, to refer the mat-
ter to a master, to ascertain and report what allowance ought to
be paid for the complainant's support.   But testimony having
been taken, and the matter debated on the hearing, and neither
party requesting a reference so as to take further evidence, I have
considered also of this matter.   It appears that the complainant
has a weakly constitution, and is not able by labour to support
herself : that the defendant, Jonathan W. Miller, provides for
his five children ; and that his estate is worth about seven thou-
sand dollars.   The income of the farm is not proved, and it can-
not with certainty be ascertained from the price it will bring.

From the consideration of this case, under all its circumstances, I am of opinion it ought to be decreed that the said Jonathan W. Miller, for the time to come, do provide for the support of the complainant, one hundred dollars per annum, to be paid to her, or some person to be named by the court for her, in half-yearly payments, until this court shall make other order to the contrary : that he pay the costs of this suit : that either party have liberty to apply to the court for an alteration of the alimony or maintenance, as occasion may require : that the defendant give reasonable security for such alimony or maintenance; and that in the mean time, and until the order of this court to the contrary, the writ of ne exeat be continued. And in case he shall refuse or neglect to give such security, that the complainant have the remedy provided by the ninth section of " an act concerning divorces, and for other purposes," *Rev. L.* 668.

ELIAS VANARSDALE,
Master in Chancery.