S. W. H. SMITH v. R. R. KING, Trustee.

*Deeds of Separation—Husband and Wife—Subsequent Cohabitation—Cancellation of Record.*

1. A deed of separation between husband and wife will be cancelled by a Court of Equity when it is made to appear that the parties, since its execution, have cohabited together as man and wife.

2. When a decree of Court adjudges a deed to be void, no marginal cancellation of record, as in the case of mortgages and deeds of trust, is required, but it is commendable and convenient practice.

3. The law of North Carolina, while it may allow, does not look with favor upon deeds of separation.

This was a CIVIL ACTION, tried before *Armfield, J*, at February Term, 1890, of the Superior Court of GUILFORD County, in which the plaintiff sought the rescission and cancellation of a deed of trust, mentioned in the pleadings and set out as an exhibit.

Defendants resisted this rescission and cancellation upon the grounds set forth in their answers. A jury was impaneled, and, after the reading of the pleadings, and after certain admissions of fact were mutually made and accepted by the counsel for plaintiff and defendants, his Honor suggested that there was no matter disputed making it necessary for an issue to be submitted to the jury, and, by consent of counsel on both sides, the jury was dissolved, and it was agreed that the Court should hear the case upon the pleadings and upon the admissions, all of which admissions appear in the Judge's judgment, except that it was admitted that the defendant Mary A. M. Smith had lived separate and away from her husband for thirty months during the five years since the deed was made, and at the time of the trial had been living separate from her said husband for one month, though she was living with him, and supported by

107—18

him, and cohabiting with him at the time the action was brought. And it was further admitted by the parties that said deed of trust was made in consideration of the perpetual separation and living apart in the future of the plaintiff and the *feme* defendant—there being then a suit pending for divorce between them, in which the *feme* defendant was plaintiff, and this deed being made on a compromise of said suit, plaintiff and the *feme* defendant being, at the time the deed was made, actually living apart. In the course of the argument and consideration of the case, the defendant Mary A. M. Smith, by her counsel, in order to meet a probable conclusion of the Judge adverse to her, on the ground of her return and cohabitation with her husband, asked the Court to have an issue submitted to the jury as to whether her said return was voluntary or procured by the fraud of her husband.

To this suggestion, the Court remarked that she had stated in her answer that her return to her husband was voluntary, because she could not bear separation from her children, etc., and that she had not alleged in her answer that said return and cohabitation was procured by any fraud or solicitation of her husband.

There was no motion to amend the answer of defendant Mary A. M. Smith, in this respect, nor any suggestion that it could be truthfully amended, and the Judge declined to frame and submit the issue proposed.

The defendants assigned the following errors:

1. In adjudging that the deed in trust sought to be set aside became and was void and of no force and effect, from the fact of the wife's return and cohabitation with plaintiff as his wife for twelve months preceding the commencement of this action.

2. In adjudging the delivery up of the deed and its cancellation by the Clerk, and in ordering a marginal entry of

satisfaction by the Clerk as to said deed on the books of the Register of Deeds of Guilford County.

3. In ruling and adjudging invalidity to the deed in trust, it being intended and induced upon considerations not contrary to public policy as recited in said deed, and on valuable consideration moving from the *cestui que trust* as appeared in said deed.

4. In failing to make a statement of the facts found on which his judgment was based, and particularly in failing to find the length of separation in the five years and six months, when they occurred, and the existing separation when the trial was had, and the manner and character of the wife's return, as to whether *bona fide* or fraudulently obtained.

5. In adjudging the invalidity of the deed without inquiry into the debts and liabilities of the trust fund in respect of advances by the trustee to the *cestui que trust*, or debts incurred by her to others and not paid within the limit of the annual sum of $120 per year as provided for in the deed.

6. In declaring the deed void without proper provision for the trustee for commissions, and for fees incurred for professional advice.

7. In adjudging costs against the wife.

8. In adjudging costs against the trustee for maintaining and insisting on his title as commanded in the deed and his legal duty therein.

The other facts are stated in the opinion.

*Messrs. John A. Barringer* and *J. N. Staples*, for plaintiff.
*Messrs. John H. Dillard* and *L. M. Scott*, for defendants.

CLARK, J.: On grounds of public policy, deeds of separation between husband and wife were held invalid in this State. *Collins* v. *Collins*, Phil. Eq., 153. There has been no statute since legalizing such deeds, but they seem

incidentally to be recognized as valid by section 1831 of *The Code.* Smith, C. J., in *Sparks* v. *Sparks*, 94 N. C., 527, intimates that this section, to some extent, at least, renders valid articles of separation. But it is not necessary that we pass upon this question. For conceding, for the argument, that such deeds, in proper cases, will be upheld, we concur with his Honor below that, it being admitted that " at the commencement of this action the wife was, and had been, for twelve months next preceding said term, living and cohabiting with the plaintiff as his wife," the deed of separation became void and of no effect. It was alleged in the complaint, and admitted on the trial, as stated in the case on appeal, that, notwithstanding the consideration expressed on its face, the deed, in fact and in truth, was executed in consideration of the perpetual separation and living apart of the husband and wife, and to maintain the wife in such state while deprived of the support of her husband. When she returns to his roof, cohabits with him, and is supported by him, this annuls all agreement for a separation and for the support rendered necessary thereby. Adams's Eq., 45; Shelford Marriage and Div., 629; 2 Roper Husband and Wife, 316; *Sheltar* v. *Gregory*, 2 Wendell, 422; 90 Am. Dec., 369. The law, if it recognizes, does not favor, articles of separation, and will not so construe them as to be valid after the parties have themselves cancelled the agreement to separate by cohabiting together, unless it appear in the deed plainly that such separate support is to be continued, notwithstanding any future reconciliation and cohabitation. This was so considered by Lord Eldon in *Lord St. John* v. *Lady St. John*, 11 Vesey, 537, and by Buller, J., in *Fletcher* v. *Fletcher*, 2 Cox, Ch. Rep., 99.

The Court properly ordered the deed to be cancelled. There is no provision of the statute that, in such cases, an entry referring to the judgment of cancellation shall be made on the margin of the registration of the deed. The

Court below did not adjudge the original deed void in its inception, but to have become so by matters subsequent, and the proper course was to have ordered a reconveyance of the legal title by the trustee, and that such judgment be regarded as a deed of reconveyance and registered. *The Code*, §§ 426, 427.

The reference on the margin of registration, also, is advisable and convenient in practice, and to be recommended, but of itself it does not reconvey the title. The statute giving such effect to the marginal entry of satisfaction applies only to the discharge of trust deeds and mortgages. *The Code*, § 1271. The judgment should be modified to comply with provisions of sections 426 and 427.

As to the fourth exception, it appears that the judgment is based solely upon the pleadings and admissions on the trial, and no facts were in dispute to be passed upon or found by the Judge. *Brooks* v. *Brooks*, 90 N. C., 142.

There was no allegation in the pleadings that the return of the wife was procured by fraud, or was other than *bona fide*, and the answer states that her return was of her own motion. It was not error to refuse to submit to the jury an issue not raised by the pleadings, though the Court, in its discretion, had power to submit the issue and permit an amendment of the pleadings.

On the trial, the Court suggested that it would order a reference to ascertain what debts and obligations were outstanding and chargeable upon the trust property, and whether anything was due the trustee, whereupon defendant trustee stated that "such reference was unnecessary, for that there were no debts or obligations chargeable upon the property, and nothing due the trustee, as all the transactions under the trust had been several years ago, and had been fully settled up." The defendant has nothing, therefore, it seems to us, on which to base his fifth and sixth exceptions.

It was erroneous to tax the wife and the trustee personally with costs. By virtue of *The Code*, § 535, subsection 1, the costs should be taxed against the estate in the hands of the trustee, and not against him personally, except when the Court adjudges that the trustee has been guilty of misman-agement, or bad faith, in such action or defence. Such was was not the case here, and the judgment for costs must be modified accordingly. Let this be certified, that the judg-ment may be modified below in the particulars indicated.

   *Per Curiam.*                          Modified and affirmed.