SAMUEL D. ASPINWALL, appellant,

*v.*

FLORENCE S. ASPINWALL, respondent.

1. The stipulation to pay an allowance to the wife contained in articles of separation will be enforced in equity.

2. No consideration extraneous of the stipulation and the execution of the agreement of the wife to live separate is necessary.

3. The stipulation to live apart will not be decreed to be specifically performed.

4. In order to give affirmative relief to a defendant, there must be a cross-bill, or an answer in the nature of one.

On appeal from a decree advised by Vice-Chancellor Bird.

*Mr. Samuel Kalisch,* for the appellant.

*Messrs. Cortlandt & R. Wayne Parker,* for the respondent.

The opinion of the court was delivered by

BEASLEY, C. J.

This bill has its footing in articles of agreement between a husband and wife providing for a separation. That instrument is exhibited by the complainant, and is to the effect following, to wit: That the husband will permit the wife during her life to live separate from him and to carry on a separate business, and that he will not reclaim or molest her ; and, further, that he will pay to her during her life, for the support of herself and her two children, of whom she is to have the custody, the sum of $8 per week. To the performance of these stipulations the husband binds himself to his said wife, and to her trustee, who is a party to articles but who on his part does not enter into any covenant whatever. The agreements in favor of the husband made by the wife are that she will accept the designated weekly allowance

"in full satisfaction for her support and maintenance, and for the support and maintenance of their said two children, and of all alimony during her coverture;" and that she will not prevent the children from visiting or being visited by their father at proper times.

The prayer of the bill is that the husband shall be compelled to "specifically perform said articles of agreement, and especially that he do pay" the weekly sum stipulated for.

The husband, in his answer, admits the separation and the execution of the articles, and, in substance, sets up, by way of defence, that the wife violated her agreement with respect to his intercourse with his children; that she unreasonably hindered his and their interviews.

Upon these pleadings and the proofs taken the decision was in favor of the complainant, and three things were decreed, namely, *first*, that the articles of separation should be specifically performed; *second*, that the moneys stipulated for should be paid by the husband for the use of the wife, together with her costs; and, *third*, that the husband should have the right to visit his children in a certain mode and at specified times.

With respect to the mandate that the moneys and costs in question should be paid for the use of the complainant, this court is of opinion that the decree before us should in all respects be affirmed. These stipulations for the support of the wife, who is living separate from her husband with his assent, have always been regarded as enforceable in a court of equity in this state. This is plainly manifest from the decisions presently to be cited on another branch of our inquiry. And it would be singular indeed if the court should refuse to carry into effect stipulations of this character, for as there is nothing illegal in the fact of husband and wife living apart by mutual assent, and inasmuch as under such conditions the husband would be liable for the maintenance of the wife, it is difficult to see why equity should not enforce the payment of the sum of money that both parties have agreed to be a reasonable amount for that end. But it is not at all necessary either to labor or to elucidate the point, for the right

Aspinwall *v.* Aspinwall.

to equitable relief by force of agreements of this character is regarded as *res adjudicata.*

Nor do we think that the objection that inasmuch as there is no covenant in these articles by the trustee for the benefit of the husband, therefore the stipulation to make the allowance to the wife is devoid of consideration should prevail. It is no doubt usual in these cases for the trustee to covenant with the husband to save him harmless from the debts contracted by the wife, and such covenants in some of the decisions have been referred to as the legal support of the husband's contract. But it seems plain that such a covenant would, as things are now circumstanced by the law of this state, be of no efficacy whatever. By force of our statutes a married woman can contract in her own name, but her husband cannot be affected by such conduct, so that, when living by his assent in a state of separation from him, it does not seem possible for her to put him to trouble by reason of her debts. In this case the wife agreed to live separate from her husband, and while so living to accept a certain weekly sum wherewith to support herself and children, and that stipulation she has fulfilled and the husband has received the benefit of such execution, and during the running of such contract has been absolved from all liability for the debts of his wife. In such a situation as this an agreement on the part of the trustee to indemnify the husband in this particular would add, in substance, nothing to the security of the latter. We think the contract of this appellant to pay the moneys in question rested on a sufficient consideration, and that such contract in this respect is properly enforced in the decree before us.

As to that other part of this decree which directs the articles of separation to be specifically performed, we think that so far forth it must be reversed. The doctrine that a court of equity will not aid to carry into effect an agreed separation between married persons has always been regarded as the law of this state. The doctrine was considered as settled law more than half a century ago, for, prior to the year 1831, Governor Williamson, sitting as chancellor, dealing with this subject, in the case of *Meloney* v. *Meloney*, thus strongly expresses his convic-

Aspinwall v. Aspinwall.

tion: "I am clearly of opinion that the agreement between parties to live in a state of separation cannot be recognized in this court as valid, and that such agreement is a direct contravention of the marriage contract. It is contrary to sound policy as well as morality that the parties who have entered into the marriage state should be permitted to separate, and agree that they will live in a state of separation, and free from the obligations imposed on them by the marriage. The marriage contract cannot be annulled and cancelled, nor the parties absolved from their obligations under it by their private agreement." *Sax. 391.*

In the case of *Emery* v. *Neighbour*, *2 Halst. 151*, we find a similar expression of this equitable rule, which is reiterated in *Calame* v. *Calame*, *10 C. E. Gr. 552.*

The result is, that whatever may be the recent perturbations of opinion on this subject so remarkably exhibited by the English courts, we think that in this state the principle in question is so conclusively settled as not to be open to discussion. Married persons may agree to live apart and they may carry out such purpose, but the obligation to fulfill such contract is imperfect, for it will not be judicially enforced.

The decree before us, therefore, must be reversed so far as it directs these articles of separation to be in general specifically performed.

Nor can the third branch of this decree be sustained. It appoints the times and methods for the communication between the appellant and his children, but such affirmative relief cannot be given without a cross-bill, or an answer in the nature of one. The pleadings do not raise the question thus decided, and, consequently, the decree, in this particular, is a mere interpolation.

Let the decree of this court be entered in accordance with the foregoing views. The respondent is entitled to her costs, both on this appeal and in the court below.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, MAGIE, REED, VAN SYCKEL, WERTS, BOGERT, BROWN, SMITH, WHITAKER—12.