Vandegrift v. Vandegrift.

---

ANNIE VANDEGRIFT

*v.*

JOHN A. VANDEGRIFT.

[Filed July 5th, 1901.]

Provision in agreement for separation that the husband would pay the wife $6 per week for maintenance and support cannot be avoided merely because of subsequent financial troubles of the husband.

On bill, answer and proofs.

*Mr. Ernest Watts,* for the complainant.

*Mr. Franklin C. Woolman,* for the defendant.

GREY, V. C.

The bill of complaint in this case is based upon a written agreement for separation and support, entered into between the

Vandegrift *v.* Vandegrift.

complainant and defendant, who are husband and wife. The complainant wife alleges the performance by her of those portions of the contract which required performance on her part, and that the defendant husband has not, since October 13th, 1900, paid to her the $6 per week which, by the terms of the agreement, he contracted to do. She prays that the defendant may be decreed in all things specifically to perform the article of agreement in so far and no farther as the same provides for the payment of the sum of $6 per week for her maintenance and support.

The undisputed proofs sustain the allegations of the bill.

I am unable to see any distinction between the case here stated and proved and the case of *Aspinwall* v. *Aspinwall,* reported in *4 Dick. Ch. Rep. 304.* The court of appeals in that case unanimously held that stipulations of this character for the support of the wife have always been regarded as enforceable in a court of equity in this state, and affirmed a decree adjudging that the moneys stipulated for should be paid by the husband for the use of the wife, together with her costs.

The defendant sets up the defence of a hard bargain, and objects that a court of equity will not specifically enforce such a contract. Such a defence was rejected by the court of appeals in *Buttlar* v. *Buttlar, 12 Dick. Ch. Rep. 645,* where the wife sought to enforce a like contract for her support. In the present case defendant, by his answer, admits facts which show that the contract, when made, was neither hard nor unconscionable in the obligations it imposed upon the husband. He seeks to avoid it by showing, that after the making of the contract and performance of it for several years, he has, because of business competition and misfortune, become financially incapable of continuing its performance. The offer was overruled as no defence.

Following the rule laid down in the *Aspinwall Case,* I will advise a decree in favor of the complainant.