The parties to this suit, husband and wife, were at odds, and agreed, in writing, to live separate and apart, and in lieu of support and maintenance the husband agreed to execute to his wife a deed for his interest in their home, owned jointly by them; the wife to pay her husband $5,000 to be raised by a mortgage on the dwelling, in which the husband agreed to join before conveying the premises to her or her appointee. The parties never separated. Their relations are as they were before the agreement, somewhat more strained, perhaps, because the husband reniged on his bargain, but he furnishes the means, possibly not as generously as he would under different circumstances, and she manages the household; they eat at the same table and occupy the same bed, plus. Six months after the agreement the wife filed her bill to compel the husband to join her in executing the mortgage, so she could pay him off, and to require him *Page 475 
to convey to her his interest in the house. Separation agreements between spouses were at one time without sanction of law, and, though they are not now regarded as against good morals and contrary to public policy as in former days, they are not encouraged or looked upon with favor, and are recognized only of necessity, because of the lesser of two evils — divorce and separation. While equity will not enforce a contract of married couples to live separate and apart, it will, if a separation follows in consequence, enforce such of its provisions as are made by the husband for the wife's support, upon the consideration that it is in fulfillment of his marital obligation to maintain her during coverture. Calame v. Calame, 25 N.J. Eq. 548; Aspinwall v. Aspinwall, 49 N.J. Eq. 302; Buttlar v.Buttlar, 57 N.J. Eq. 645; see, also, Miller v. Miller,1 N.J. Eq. 386. But where, as in the present case, there has been no separation, and the husband is discharging his matrimonial duties in cohabitation with his wife, and the consideration has failed, equity will not enforce the contract; it will not promote the separation. Equity will not enforce the maintenance provision of a separation agreement unless the parties are living apart at the time or the separation is to, and does, take place immediately following the making of the agreement. 9 R.C.L. 525;Gaines v. Poor (Ky.), 3 Metc. 503; Galusha v. Galusha,116 N.Y. 635.
Complainant's counsel raised the point that the $5,000 to be paid by the wife to the husband is sufficient consideration for his contract to convey to her his interest in the property. Indeed, it is upon that theory that the bill is framed. The answer discloses that the husband's undertaking was part of the separation agreement. The point is not well taken. The $5,000 is no part of the consideration for the contract to convey. It is in the nature of an abatement of the amount of the provisions for the wife's support during separation. The provision was the value of the husband's interest in the house less $5,000.
 The bill will be dismissed. *Page 476