## STATE v. LEE JONES.

(Filed 7 October, 1931.)

1. **Parent and Child A b—Failure to support children is continuing offense and prosecution therefor is not barred by conviction for prior time.**

Where, in a prosecution for the violation of C. S., 4447, making it a misdemeanor for a husband to abandon his wife and minor children without providing for their support, and providing that the abandonment shall be a continuing offense and not barred by any statute of limitations until the youngest living child shall obtain the age of eighteen years, *Held:* a plea by the defendant of former conviction of the same offense is good as to the period prior to the conviction, but it is not a bar to the prosecution for his failure to provide adequate support for his children subsequent thereto.

2. **Same—Plea that defendant was in charge of county court was met by instruction that only failure to support since that time be considered.**

Where the father has been convicted of abandonment of his minor children without providing for their support, and the judgment has been suspended upon his payment into court of a sum of money for their support, an objection in a later prosecution under the statute that he was in charge of the county court when the crime for which he is now prosecuted was alleged to have been committed is met by the charge of the court in the instant case that the jury should consider only such evidence as tended to show his failure to provide for their support since the final disposition of the former case. C. S., 4623, 4625.

APPEAL by defendant from *Devin, J.,* at February Term, 1931, of GREENE.

The defendant was indicted for the wilful abandonment of his children in breach of the following statute: "If any husband shall wilfully abandon his wife without providing adequate support for such wife, and the children which he may have begotten upon her, he shall be guilty of a misdemeanor: Provided, that the abandonment of children by the father shall constitute a continuing offense and shall not be barred by any statute of limitations until the youngest living child shall arrive at the age of eighteen years." C. S., 4447.

The defendant pleaded former jeopardy and former conviction and moved that the action be dismissed for the reason that he had previously been indicted and convicted of the same offense. The motion was overruled and the defendant excepted. At the conclusion of the evidence the motion was renewed and again denied, and again the defendant excepted.

After his conviction he moved in arrest of judgment, and his motion was denied. Judgment was pronounced and he appealed upon assigned error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Pittman & Eure for defendant.*

ADAMS, J. On 14 November, 1929, the defendant was indicted in the County Court of Greene County for the abandonment of his wife and children. *S. v. Bell,* 184 N. C., 701. He was arrested on 18 December, 1929, and was tried and convicted, and on 24 December, 1929, he paid into court for the use of his wife and children the sum of two hundred dollars, to be disbursed by the clerk in monthly installments of thirty dollars. Judgment was suspended and he was discharged 14 October, 1930. The indictment on which he was tried in the present case was returned by the grand jury at the December Term, 1930, of the Superior Court.

The principal exception involves a construction of that part of the statute which provides "that the abandonment of children by the father shall constitute a continuing offense and shall not be barred by any statute of limitations until the youngest living child shall arrive at the age of eighteen years"—the defendant contending that this clause was designed merely to prevent the statute from barring an indictment after two years from the first act of desertion.

We do not concur in this interpretation. A recognized principle of the common law, as well as of natural and moral law, imposes upon a father the duty of providing for the maintenance of his minor children, the duty to support and the right to custody and service being reciprocal. This obligation continues until the children in legal contemplation are reasonably able to provide for themselves and is not abrogated by the father's abandonment of his family. The object of the statute is to enforce the obligation, not by subjecting the father to a civil action at the instance of the children, but by the infliction of punishment for his dereliction. It would be a plain evasion of the legislative intent to hold that by suffering the penal consequences of a single violation of the statute the defendant could consign his destitute children

to the embrace of charity and thus absolve himself from liability to further prosecution.

Wharton defines a continuing offense as a transaction or a series of acts set on foot by a single impulse, and operated by an unintermittent force, no matter how long a time it may occupy. Crim. Pleading, 474. It is an offense which continues day by day. *S. v. Hannon,* 168 N. C., 215; *S. v. Beam,* 181 N. C., 597. The statute in express terms constitutes the abandonment of children by the father a continuing offense. The prosecution of an offense of this nature is a bar to a subsequent prosecution for the same offense charged to have been committed at any time before the institution of the first prosecution, but it is not a bar to a subsequent prosecution for continuing the offense thereafter, as this is a new violation of the law. 16 C. J., 268, sec. 447. This general principle is fortified by the distinct provision that the statute of limitations shall not bar prosecution until the youngest living child shall arrive at the age of eighteen years.

We have treated the exception upon its merits without reference to the rule that the pleas of former jeopardy and not guilty are matters of evidence and not available to the defendant upon a preliminary motion to dismiss the action. *S. v. Gibson,* 170 N. C., 697.

The objection that the defendant was in charge of the County Court when the crime for which he is now prosecuted is alleged to have been committed is met by the instruction that the jury should consider only such evidence as tends to show that the defendant violated the statute after the final disposition of the former case. Especially in view of this instruction the failure to specify a particular day in the indictment was not fatal to the prosecution. C. S., 4623, 4625. The remaining exceptions require no discussion.

No error.