The motion is to strike the bill for want of equity. The bill is to cancel a separation agreement and discloses that: *Page 9 
The parties were married in 1923. They have two children. They reside in the shore section of Monmouth county. In December, 1927, they entered into an agreement to live apart, the husband agreeing to pay his wife $18,000 a year, in monthly installments, for her and the children's support. He defaulted in the February, 1932, installment and she brought suit in the supreme court of New York. He defaulted in three succeeding installments and she again sued in New York. Thereupon he filed this bill alleging that his wife, in violation of her covenants not to sue, molest or disturb any third person for receiving, entertaining or harboring him, and not to malign or slander him or in any way injure his reputation, sued him for divorce in the supreme court of New York, charging adultery with a married woman (name withheld), and sued a married woman (name withheld) for alienation of his affection and sued a married woman (name withheld) for criminal conversation with him. The divorce suit was discontinued just before the trial day; the others are pending against the married woman (presumably the co-respondent), in the New York supreme court. The charges are that the suits were brought without basis and maliciously for the purpose of molesting him and a third person and also for the purpose of slandering and injuring his reputation; that in violation of her further covenants, the wife (a) contracted debts on his credit; (b) denied him access to his children; (c) alienated their affections; (d) denied him partial custody of them and, (e) removed them beyond where it was agreed they were to be kept, without his consent; from all of which the conclusion is alleged that by reason of her conduct in respect of these matters the wife has repudiated the separation agreement and that it is no longer binding on him.
It is also charged that the two suits for installments of support money are fraudulent, vexatious and inequitable, and fear is expressed that other suits will be brought for later unpaid installments unless the agreement is canceled.
For spice, the husband adds, that he has brought suit in this court for absolute divorce for extreme cruelty, antecedent the separation, and genuflects an offer to do full equity *Page 10 
(whatever that means), which follows an expression of willingness to support the wife and children, but he says that he is without means to maintain them in the style desired by his wife and that he believes about $200 a month adequate.
It is our opinion that the agreement will stand until death or divorce intervenes, unless the husband exercises the privilege of bringing it to an end by restoring the wife's status quo ante
(Whittle v. Schlemm, 94 N.J. Law 112), which, obviously, is remote. A reunion or a bona fide offer to that end is the only escape while marriage lasts. Breaches by the wife of her covenants do not relieve the husband from performance. They are independent covenants, independent of the allowance promised during separation in lieu of the husband's legal obligation to support his wife and children. Sabbarese v. Sabbarese,104 N.J. Eq. 600; Thomas v. Thomas, 104 N.J. Eq. 607. See, also,Aspinwall v. Aspinwall, 49 N.J. Eq. 302.
If the husband intended to plead inability to perform because of change of financial circumstances, it will not avail him to defeat his promise to support his wife and children during separation. Vandegrift v. Vandegrift, 63 N.J. Eq. 124.
The payment of the allowance is not conditional upon performance by the wife of her covenants, as counsel supposes. A recital in the agreement reads: "Whereas the parties hereto have agreed and do hereby consent and agree to live separate and apart from each other in the future and during and throughout the period of their natural lives, on and in accordance with theterms, covenants and conditions herein contained providing among other things the support of said wife and the said children and regulating and fixing the custody of said children." We construe the italicized language, relied upon, as mere premise to the terms, covenants and conditions under which the parties were to live apart and in as in no sense creating a condition upon which the husband was to furnish support money. The husband's specific covenant to pay, literally is unconditional; it is consistent with the recital and the recital implies no limitation.
The allegations, that the two suits for unpaid installments *Page 11 
of allowances are vexatious is apparently based on the fact that they were brought in New York instead of New Jersey, where the parties reside. The husband is a broker in New York. He filed an answer to the first suit, defending, substantially, on the grounds set up as his causes for action in the present bill. In the second, an attachment issued, under which his property was seized to make the money. The wife is at liberty to sue in any jurisdiction affording her relief unless she does so vexatiously, amounting to fraud. Relief from the supposed vexation now complained of is to be found by the husband in paying his wife what he owes her instead of putting her to the pains of resisting his vexatious defenses.
The bill does not make out an equitable cause for action and will be stricken.