Complainant's bill prays for specific performance of an agreement for support and maintenance.
The evidence discloses that sometime in the year 1919, as a result of unhappy differences arising between the parties in their married life, they agreed to live in a state of separation — under the same roof, however. The wife claims that she released her inchoate right of dower in all of the husband's properties, excepting one, in consideration of the payment to her of the sum of $5,000 per year for the support of herself and nine children of their marriage. Later, the parties no longer living under the same roof and sometime in December, 1921, and again on March 31st, 1922, it definitely appears from the testimony the defendant consulted counsel and an agreement was prepared, which is in evidence. It bears date of March, 1922, and the terms therein set forth for the most part corroborate the testimony adduced on the hearing, of what was the oral agreement for support and *Page 50 
maintenance theretofore discussed and acted upon, although it does not cite that which is admitted in the case, that prior thereto and between March, 1919, and April, 1920, complainant joined with her husband in approximately seventeen deeds of conveyance, releasing her dower. Likely, the agreement is silent as to this because that part of the arrangement had been completed.
Complainant says that the agreement reached in 1919 was that she was to receive $5,000 per year for her support. The agreement in writing hereinabove referred to provided for $5,000 annually. The admitted fact is that this amount of alimony was paid by the husband from 1919, and continued to be paid until about January, 1932, a period of thirteen years, when the first default occurred. She says the oral agreement was that she was to have the custody of all the children of the marriage, excepting Wendell Corrigan, and the fact is that when the parties finally and definitely separated and lived apart from one another, Wendell went to live with his father.
At the time that the agreement in writing was prepared, the complainant and defendant were represented by independent counsel, and I am satisfied from the evidence that the terms set forth therein were agreed upon and well understood. Both were represented by eminent counsel. The agreement was signed by the complainant and duly acknowledged March 31st, 1922, before a notary public of this state, and the trustee therein named was John W. McGeehan, Jr., a member of the bar, and of counsel at the time with complainant, whereupon it was forwarded to the counsel for the defendant, Merritt Lane. On or about January 29th, 1932, the installment of $104.17, a quarter-monthly payment, was not made, and in the month of February following, the defendant arbitrarily attempted to reduce the quarter-monthly payment to $75, and subsequently to $50, which payment he has continued to make to the time of the hearing.
At the conclusion of the hearing the following was stipulated in open court for the purpose of the record, in lieu of the testimony of John W. McGeehan, Jr., and Merritt Lane: *Page 51 
"John W. McGeehan, Jr., solicitor for the complainant at the time the written agreement C-1 was drawn, has a copy of the agreement upon which he has made a notation that the defendant, Doctor Corrigan, refused to sign it. Merritt Lane has notations in his file indicating that the agreement was drawn upon terms suggested by the defendant, Doctor Corrigan, and the original agreement, Exhibit C-1, was delivered to and put in his file, and that he does not know what happened in respect to the same thereafter."
The defendant is a medical practitioner of standing and reputation as such. There is nothing in the testimony before me to show a change of circumstances or inability to pay. I find that the agreement was fair and reasonable.
Stipulations and agreements of the character herein have always been enforceable in a court of equity. There is nothing illegal in the fact of a husband and wife living apart by mutual assent, but the husband is liable for the maintenance of the wife and the children of the marriage. Aspinwall v. Aspinwall, 49 N.J. Eq. 302.
While separation between husband and wife, in pursuance of mutual articles of agreement, will not be enforced by the decree of a court of equity, such separation being against the policy of our law (Miller v. Miller, 1 N.J. Eq. 386; Aspinwall v.Aspinwall, supra), yet the court will not suffer a husband who has caused his wife, as consideration for the agreement to release her dower in his property, to avail himself of his own wrong in order to free himself from the duty to maintain her. Even without any such consideration, stipulations in such agreement to pay money for a wife's support have always been regarded as enforceable in a court of equity in this state.Buttlar v. Buttlar, 57 N.J. Eq. 645; Calame v. Calame,25 N.J. Eq. 548; Beck v. Beck, 98 N.J. Eq. 474.
Even though the husband should now seek to void the agreement by showing that after its performance for several years he has become financially incapable of continuing its performance, such defense was overruled in Vandegrift v. Vandegrift, 63 N.J. Eq. 124; Stern v. Stern, 112 N.J. Eq. 8. *Page 52 
The fact that defendant did not sign the agreement in evidence makes no difference. The parties undoubtedly contemplated a formal agreement should be prepared and signed. It is always a question of fact depending upon the circumstances of the particular case whether the parties have not completed their negotiations and concluded a contract definite and complete in all its terms, which they intended should be binding, and which for greater certainty, or to answer some requirement of the law, they designed to have expressed in some formal written agreement.
I find as a fact that the agreement as set forth in writing was complete, and that it is definite in all its terms. The memorandum of defendant's counsel, Merritt Lane, hereinabove quoted, is stipulated as evidence in the cause. It is therefore in proof that the terms set forth in the agreement were suggested by the defendant. The complainant accepted the terms by her signature, and thereafter the defendant carried out the terms to the letter for thirteen years. It will be enforced.
There will be a decree for specific performance.