JANET ELIZABETH SHAW,

*vs.*

WILLIAM MILLER SHAW, JR.

*Sussex, June 5, 1939.*

*Isaac D. Short, 2nd,* for complainant.

*James M. Tunnell,* of the firm of Tunnell & Tunnell, for defendant.

THE CHANCELLOR: The defendant and the complainant are husband and wife, and it must be conceded that this court ordinarily has jurisdiction over contracts made by persons standing in that relation. *Coxe v. Coxe,* 20 *Del. Ch.* 384, 178 *A.* 104.

The payments to be made by the defendant, provided for in the contract, are solely for the education, maintenance and support of the infant children of the parties thereto, and no provision, whatever, is made for the benefit of the complainant, the wife of the defendant. While she is a party to the contract, so far as those provisions are concerned she is merely acting in the nature of a trustee for her children. She agreed, however, that the defendant, her husband, and the father of the children, should have possession of them on specified occasions, including Thanksgiving Day of each year; and by the motion of her solicitor for a decree notwithstanding the defendant's answer, she admits the allegation therein that, in violation of the terms of her contract, she refused to allow him to have the custody of their child, Millicent Shaw, on Thanksgiving Day in the year 1938. By the same motion, she, also, admits that she denied the defendant's request to see the children on, at least, four other unspecified occasions since the execution of the agreement of November 12th, 1938.

But the question is whether the agreement of the defendant to make monthly payments for the benefit of his children, and the agreement of his wife, the complainant, that he shall have temporary possession of them at specified times, are dependent and conditional provisions, or whether they are wholly independent covenants, though in the same contract. That these provisions are not conditional in form is apparent from the language used. See *Thomas v. Thomas,* 104 *N. J. Eq.* 607, 146 *A.* 431; *Stern v. Stern,* 112 *N. J. Eq.* 8, 163 *A.* 149. It is, also, apparent that the defendant's promise to pay was merely intended by the contracting parties to be a substitute for the clear legal obligation of the

husband to support his children. *Sabbarese v. Sabbarese,* 104 *N. J. Eq.* 600, 146 *A.* 592; see, also, *Thomas v. Thomas,* 104 *N. J. Eq.* 607, 146 *A.* 431, and *Stern v. Stern,* 112 *N. J. Eq.* 8, 163 *A.* 149.

In view of these facts, and, also, in view of the nature of the complainant's interest in the monthly payments provided for by the contract, it is apparent that the performance of the defendant's covenant to make such payments is not conditional on the performance of the complainant's covenant agreeing to give the defendant temporary possession of the children on the occasions specified in such contract.

The complainant is, therefore, entitled to a decree directing the defendant to make the monthly payments in accordance with the terms of his contract.

This conclusion is not inconsistent with *Heinsohn v. Chandler,* 23 *Del. Ch.* 114, 2 *A.* 2d 120, cited by the defendant's solicitor, and in which the agreed payments were for the benefit of the wife, as well as for the children; nor is it inconsistent with *Duryea v. Bliven,* 122 *N. Y.* 567, 25 *N. E.* 908; *Muth v. Wuest,* 76 *App. Div.* 332, 78 *N. Y. S.* 431, and 30 *C. J.* 1065, §§ 844, 845, also cited by him.

Having reached this conclusion, it is unnecessary to consider what effect the defendant's failure to pay in full the November payment, prior to his request for the possession of the older child on Thanksgiving Day, might have on his rights, even though I should adopt his contention that the promise to pay and the promise relating to temporary possession are dependent covenants of the contract.

A decree will be entered in accordance with this opinion.