MAMIE C. CAMPBELL v. W. A. CAMPBELL; AND H. A. BOWEN, H. O. PEEL, AND D. C. PEEL, EXECUTORS OF THE ESTATE OF HENRY D. PEEL.

(Filed 26 September, 1951.)

**1. Husband and Wife § 12d (4)—**

A deed of separation between husband and wife is annulled, avoided and rescinded, at least as to the future, by the act of the spouses in subsequently resuming conjugal cohabitation, and is not revived by a later separation.

**2. Contracts § 1—**

A contract is an agreement, upon a sufficient consideration, to do or not to do a particular thing.

**3. Husband and Wife § 5: Parent and Child § 5—**

Since the father is under primary legal duty to support his minor child, the mother's promise to care for and maintain a child of the marriage is sufficient consideration to support the father's agreement upon their separation to pay the mother stipulated periodic sums for the care and maintenance of the child left in her custody, and his agreement is enforceable against him at the suit of the mother, and therefore her testimony that upon such separation he promised to make stipulated periodic payments to her for the support of the child is sufficient to overrule nonsuit in her action upon the agreement.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by defendant, W. A. Campbell, from *Halstead, Special Judge,* and a jury, at April Term, 1951, of MARTIN.

Civil action by the mother upon an agreement by the father to make periodic payments to the mother for the support of a minor child left in the custody of the mother on the separation of the parents.

Since the plaintiff does not seek any independent relief against the Executors of Henry D. Peel, the term "defendant" will hereafter be used to designate the defendant, W. A. Campbell, alone.

The only testimony at the trial was that of the plaintiff. It disclosed the facts summarized in the numbered paragraphs set forth below.

1. The plaintiff, Mamie C. Campbell, and the defendant, W. A. Campbell, were married to each other in Wayne County, North Carolina, 20 May, 1933. They established their matrimonial domicile in Nash County, North Carolina, where their daughter, Wilma Jean Campbell, was born 28 May, 1936.

2. Subsequent to the daughter's birth, to wit, on 28 August, 1936, the plaintiff and the defendant separated. At that time they signed a separation agreement stipulating that they ceased conjugal ,cohabitation by mutual consent; that all rights of each party in the other's property were released; that the custody of Wilma Jean Campbell was given to the

plaintiff; and that the defendant was to pay the plaintiff "for her and the support of the said child the sum of $40.00 each and every month so long as this agreement is in effect." The separation agreement expressly stated that "the wife agrees that she will execute, acknowledge and deliver without cost to her at the request of the husband or his legal representatives all such deeds, releases, or other instruments as may be necessary to . . . make effectual the provisions . . . of this agreement."

3. Two months after the signing of the separation agreement, to wit, on 28 October, 1936, the plaintiff and the defendant became reconciled and resumed the marital relation, and from that time until 1 January, 1940, they "lived together as man and wife" in Nash County, North Carolina, enjoying the joint custody of their daughter.

4. On the date last mentioned, the defendant left the plaintiff and their daughter at the matrimonial domicile in Nash County, North Carolina, and became a nonresident of North Carolina. On 31 May, 1941, he obtained an absolute divorce from the plaintiff in the Superior Court of Richmond County, Georgia. Soon thereafter he located in Florence County, South Carolina, where he has since resided. Meanwhile, the plaintiff has actually maintained and supported the child, Wilma Jean Campbell, in her home in Nash County, North Carolina.

5. Subsequent to the final separation of the parties on 1 January, 1940, the defendant promised to pay the plaintiff "the sum of $40.00 a month for the support of his child," and he complied with such promise until June, 1945.

6. At the time last mentioned, the defendant undertook to sell land owned by him in Florence County, South Carolina, to a third person, and requested the plaintiff to sign a deed conveying such land to such person. The plaintiff refused this request, and the defendant thereupon substantially reduced the amount of his monthly payments to the plaintiff. She has never assented to such action on his part.

The plaintiff brought this action against the defendant to recover the difference between the sums actually paid to her by him subsequent to June, 1945, and the sums which he would have paid to her after that time if he had continued to make payments of $40.00 each month. The complaint invoked both the separation agreement of 28 August, 1936, and the subsequent promise mentioned in paragraph 5 of the statement of facts as a basis for the relief demanded. The defendant answered, alleging that the separation agreement "was abrogated and rendered void by the plaintiff and the defendant living together as man and wife for a period of three or four years afterwards." He denied the making of the subsequent promise, and asserted that he acted voluntarily in making payments to plaintiff for the support of his child subsequent to the final separation on 1 January, 1940.

The jury returned the following verdict:

What amount, if any, is the defendant, W. A. Campbell, indebted to the plaintiff for the support of his child, Wilma Jean Campbell? Answer: $1,651.00.

Judgment was entered in favor of the plaintiff and against the defendant in conformity with the verdict, and the defendant appealed, assigning error.

*Cooley & May and Hugh G. Horton for plaintiff, appellee.*
*Peel & Peel for defendant, W. A. Campbell, appellant.*

ERVIN, J. The assignments of error raise this single inquiry: Was the plaintiff's evidence sufficient to withstand the defendant's motion for a compulsory nonsuit and to support the verdict in her favor?

The defendant insists that this question should be answered in the negative. He advances these arguments to sustain his position: That the separation agreement of 28 August, 1936, embodies the only contract ever made between him and the plaintiff with respect to the support of his minor child; that in consequence the plaintiff's alleged cause of action is necessarily predicated upon the separation agreement; that the plaintiff's own testimony shows that she breached the separation agreement in June, 1945, by refusing to perform her covenant to execute "all such deeds . . . as may be necessary to . . . make effectual" the release of her rights in the defendant's property; and that this violation of the terms of the separation agreement by the plaintiff relieved the defendant from any further liability under his covenant to make periodic payments to plaintiff for the support of his minor child.

The defendant's position is a questionable one even if his assumptions that the plaintiff's claim is necessarily based on the separation agreement and that she has violated such agreement in the manner indicated be accepted as valid. This is true because it can be asserted with much persuasiveness that the plaintiff's covenant to execute such deeds as may be necessary to make effectual the release of her rights in the defendant's property and the defendant's covenant to make periodic payments to plaintiff for the support of his minor child are independent rather than interdependent, and that in consequence the breach by the plaintiff of her covenant to execute the deeds will not exonerate the defendant from the performance of his covenant to make the payments. *Fifth Avenue Bank of N. Y. v. Hammond Realty Co.*, 130 F. 2d 993; *Hughes v. Burke,* 167 Md. 472, 175 A. 335; *Moller v. Moller,* 121 N. J. Eq. 175, 188 A. 505.

We refrain, however, from expressing any opinion on this precise point, for the very simple reason that the second premise underlying the defend-

ant's position, *i.e.,* that the plaintiff's claim is based on the separation agreement of 28 August, 1936, is lacking in validity.

Manifestly the plaintiff's cause of action cannot be made to hinge on the separation agreement. That agreement has been without legal efficacy since 28 October, 1936, when the plaintiff and the defendant resumed their marital relation. This is so because a separation agreement is annulled, avoided, and rescinded, at least as to the future, by the act of the spouses in subsequently resuming conjugal cohabitation. *Reynolds v. Reynolds,* 210 N.C. 554, 187 S.E. 768; *S. v. Gossett,* 203 N.C. 641, 166 S.E. 754; *Moore v. Moore,* 185 N.C. 332, 117 S.E. 12; *Archbell v. Archbell,* 158 N.C. 409, 74 S.E. 327, Ann. Cas. 1913 D, 261; *Smith v. King,* 107 N.C. 273, 12 S.E. 57. The subsequent separation of the parties on 1 January, 1940, did not revive the separation agreement. 42 C.J.S., Husband and Wife, section 601. It is noted that our conclusion on this phase of the litigation conforms to the view expressed in the answer.

The defendant's first premise, *i.e.,* that the separation agreement of 28 August, 1936, contained the only contract ever made between him and the plaintiff with respect to the support of his minor child, is likewise without validity.

A contract is an agreement, upon a sufficient consideration, to do or not to do a particular thing. *Belk's Department Store v. Insurance Co.,* 208 N.C. 267, 180 S.E. 63. Inasmuch as the father is under a primary legal duty to support his minor child (*In re Tenhoopen,* 202 N.C. 223, 162 S.E. 619; *S. v. Jones,* 201 N.C. 424, 160 S.E. 468; *Wise v. Raynor,* 200 N.C. 567, 157 S.E. 853), the mother's promise to care for and maintain the child is sufficient consideration for the father's undertaking to compensate her for so doing. Hence, an agreement by the father to pay the mother, from whom he is separated, stipulated periodic sums for caring for and maintaining a minor child left in her custody is enforceable against the father at the suit of the mother. *Shaw v. Shaw,* 24 Del. Ch. 110, 9 A. 2d 258; *Maxwell v. Boyd,* 123 Mo. App. 334, 100 S.W. 540; *In re Sear's Estate,* 313 Pa. 415, 169 A. 776.

This being true, the testimony of plaintiff at the trial was ample to overcome the defendant's motion for a compulsory nonsuit and to sustain the verdict in plaintiff's favor. It was sufficient to establish the allegation of the complaint that after their final separation the plaintiff and the defendant made a new contract whereby the plaintiff agreed to care for and maintain their minor child and whereby the defendant undertook to pay her the sum of $40.00 monthly for so doing so long as the child remained with the plaintiff.

No error.

VALENTINE, J., took no part in the consideration or decision of this case.