## Delafant *v.* Shapiro, Appellant.

*Contracts—Sale of real estate—Misrepresentation—Rescission of contract—Evidence.*

It is competent for a party to a contract to prove that he was induced to execute a written agreement through fraudulent misrepresentations, affecting the subject-matter.

Where the consideration of the contract is indivisible, and a part is illegal, it falls as a whole; a contract for the sale of a hotel which was also a bawdyhouse is therefore void.

In an action to recover the amount paid on account of the purchase price of a hotel, the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence established the fact that representations were made contemporaneously with the signing of the agreement that the hotel was a respectable place and in good repute, and where it was afterwards discovered that it had a bad reputation and was commonly known as a disorderly house.

Argued October 8, 1919. Appeal, No. 158, October T., 1919, by defendant, from judgment of Municipal Court of Philadelphia, October T., 1918, No. 395, on verdict for plaintiff in case of Charles Delafant v. Charles I. Shapiro. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

186, (1919).]　　Verdict—Opinion of the Court.

Assumpsit on written contract for sale of real estate. Before KNOWLES, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff for $512.50 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Clinton A. Sowers,* and with him *Marshall H. Morgan* and *Vitold E. Balukiewicz,* for appellant.

*Morris Shanhart,* and with him *F. Carroll Fow,* for appellee.

OPINION BY KELLER, J., December 8, 1919:

Even without any special representations on the subject, the plaintiff was justified in assuming that the business which he was buying was what in the contract it was described and held out to be, a hotel. If before completing the purchase he discovered that the business which the defendant was conducting at his titular hotel was actually a bawdyhouse, a public nuisance, he had a right to rescind the contract and demand back his first payment. The contract did not include the real estate; only the business, trade and goodwill, and the personal property. If the defendant had attempted to sell the business as a bawdyhouse, the sale would have been illegal and invalid: Mitchell v. Smith, 1 Binney 110; Biddis v. James, 6 Binney 321; Pitts v. Rivers, 112 Ga. 850, 38 S. E. 109; that for purposes of sale, he called it a hotel, did not change its character, nor prevent one who innocently had agreed to buy it as a hotel from refusing to carry out the contract, when he discovered the illegality of the business conducted there and that the thing to be delivered was not the thing he had contracted to buy. Nor does it matter that the defendant conducted a hotel in connection with a bawdyhouse; it was run as

one business and the illegality of a part affected the whole. "Where the consideration of a contract is indivisible and a part is illegal, it falls as a whole": Kuhn v. Buhl, 251 Pa. 348. It was held by the Supreme Court of Nebraska, that a contract for the purchase of a cigar store and business where part of the goods and fixtures purchased consisted of slot machines, kept in use for the purpose of gambling and thereby stimulating and increasing the business, was an illegal contract and so long as the same remained executory might be repudiated and rescinded and money paid thereon be recovered back by the vendee in the contract: Muller v. W. F. Stoeker Cigar Co., 89 Neb. 438, 131 N. W. 923.

The representation, made contemporaneously with the signing of the agreement, that it was a respectable house, was corroborated by the description of the subject-matter in the contract. A representation may be contained in the contract itself: Miles v. Stevens, 3 Pa. 21; and may be as well by acts or artifices, calculated to deceive, as by positive assertions: Croyle v. Moses, 90 Pa. 250; and the concealment of a material fact may be a fraud: Lauer Brewing Co. v. Riley, 195 Pa. 449; Wayne v. Bank, 52 Pa. 343.

We are of opinion that the testimony of the plaintiff, in connection with the contract itself and the uncontradicted testimony as to the real character of the house was sufficient to permit the jury to pass upon the question whether fraud had been used in securing the plaintiff's signature to the contract and payment of the deposit money: Morrish v. Morrish, 262 Pa. 192.

The effect to be given the plaintiff's letter to the defendant, whether it was a waiver of his right to rescind, or was written before he had fully satisfied himself as to the character of the house, was for the jury.

It follows that the court below did not err in refusing the defendant's point for binding instructions and as the assignments of error are based upon that action alone, the judgment is affirmed.