## Whitaker, Appellant, *v.* Richmon.

*Contracts—Consideration—Contract against public policy—Insufficient statement.*

In an action in assumpsit to recover the value of a ring, judgment was properly entered for the defendant on the pleadings, where the statement contained no allegation of negligence and no averment of any promise to reimburse in settlement of any alleged claim for negligence. Where there were no averments in the statement which imputed to the defendant any liability for the loss of the ring, and her connection was limited to an alleged agreement to reimburse the plaintiff, if criminal investigation were not commenced, such promise amounted to an agreement not to take steps looking to the detection and prosecution of the thief, and as such was void as against public policy.

Contracts which have for their subject-matter any interference with the creation of laws or their due enforcement are against public policy.

Argued October 13, 1919. Appeal, No. 130, October T., 1919, by plaintiff, from order of Municipal Court of Philadelphia, October T., 1918, No. 167, making absolute rule for judgment for want of a sufficient statement of claim in the case of Clara G. Whitaker v. Viola Richmon. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Affirmed.

Assignment of Error—Opinion of the Court. [73 Pa. Superior Ct.

Rule for judgment for want of a sufficient statement. Before CASSIDY, J.

The opinion of the Superior Court states the case.

The court made absolute the rule. Plaintiff appealed.

*Error assigned* was the order of the court.

*William A. Caveny,* for appellant.

*Thomas Boylan,* for appellee.

OPINION BY KELLER, J., December 8, 1919:

The defendant kept a boarding house in the City of Philadelphia. The plaintiff was one of her boarders. On or about August 17, 1918, the plaintiff missed from her belongings a diamond ring of the value of $140, under circumstances which, she alleged, tended to show that the ring had been feloniously taken by some person in the boarding house. On the same day she notified the defendant of the loss of the ring and the defendant thereupon orally agreed with the plaintiff that if the latter would refrain from calling in detectives, she, the defendant would reimburse the plaintiff, if the ring was not found.

The plaintiff sued the defendant in assumpsit for $140, the value of the ring, averring in her statement the foregoing facts, and in addition, that she had refrained from calling in detectives, that the ring had not been found and that defendant had refused to reimburse her. The defendant moved for judgment on the grounds, (1) that the statement set forth no legally adequate consideration for the alleged promise to the plaintiff, and (2) that the statement set forth no legal cause of action. The court below entered judgment in favor of the defendant.

The statement contains no allegation of negligence on the part of the defendant which would render her liable to the plaintiff for the loss of the ring, and no averment of any promise of reimbursement in settlement of any alleged claim for negligence. The case is, therefore, not

within the principle recognized in the recent case of Menhennet v. Davis, 71 Pa. Superior Ct. 260.   There were no averments in the statement which imputed to the defendant any liability for the loss of the ring.   Her connection with it is limited to an alleged agreement to reimburse the plaintiff if the latter would refrain from calling in detectives.   This amounted in effect to a rather vague and indefinite agreement on the part of the plaintiff not to take steps looking to the detection and prosecution of the thief, and as such, was void as against public policy.   "Contracts which have for their subject-matter any interference with the creation of laws or their due enforcement, are against public policy": Ormerod v. Dearman, 100 Pa. 561; Spalding v. Ewing, 149 Pa. 375. See also, Riddle v. Hall, 99 Pa. 116; Pearce v. Wilson, 111 Pa. 14, p. 23.   The result is the same if the stifling of the prosecution formed a part of the consideration, for when the consideration of a contract is indivisible and a part is illegal, it falls as a whole: Kuhn v. Buhl, 251 Pa. 348.   It will scarcely be contended that if the plaintiff had disregarded her agreement and called in detectives, the defendant would have had any valid cause of action against her for breach of the contract.

The judgment is affirmed.