# Shannon's Estate.

*Contracts—Illegal contract—Husband and wife—Agreement as to divorce—Release of interests in estates—Consideration—Indivisible contract—Decedents' estates—Widow's election.*

1. If an agreement binds the parties or either of them to do, or if the consideration is to do, something opposed to public policy of the State or nation, it is illegal and absolutely void, however solemnly made.

2. Where the consideration for the contract is indivisible, and a part illegal, it falls as a whole.

3. A postnuptial agreement between a husband and wife is wholly void, where the husband agrees to institute a suit in divorce and the wife agrees not to defend such suit, and they relinquish their interests in each other's estates.

4. The widow in such case is entitled to her election, notwithstanding such agreement.

Argued March 21, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 76, March T., 1927, by Marion Shannon Duff, daughter of decedent, from decree of O. C. Lawrence Co., Sept. T., 1925, No. 25, refusing to strike off

widow's election, in estate of William A. Shannon, deceased.  Affirmed.

Motion to strike off petition for widow's election.  Before HILDEBRAND, P. J.

From the record it appeared that Wm. A. Shannon filed a libel for divorce after the date of the agreement mentioned in the opinion of the Supreme Court, but that it was subsequently withdrawn.  Other facts appear by the opinion of the Supreme Court.

Motion denied.  Marion Shannon Duff, daughter of decedent, appealed.

*Error assigned* inter alia, was, decree, quoting record.

*J. Norman Martin* of *Martin & Martin,* for appellant. —Postnuptial contracts are valid in law, will be construed as other contracts, and, where severable, the various parts will be construed separately: Rodenbaugh v. Rodenbaugh, 17 Pa. Superior Ct. 619; Miller v. Miller, 284 Pa. 414; Burkholder's App., 105 Pa. 31; Cosgrove v. Cummings, 195 Pa. 497; Frank's Est., 195 Pa. 26.

The contract is severable and various parts may be construed separately: Smith's App., 113 Pa. 579.

The agreement for divorce is not necessarily illegal: Miller v. Miller, 284 Pa. 414; Preston v. Preston, 11 Pa. Dist. R. 97; Lyon v. Lyon, 13 Pa. Dist. R. 623; Loomis v. Loomis, 20 Pa. Dist. R. 731.

If illegal, it need not invalidate the whole: Miller v. Miller, 284 Pa. 414.

*W. Walter Braham,* with him *Robert K. Aiken,* for appellee.—An agreement which is contrary to public policy is a nullity and will not be enforced: Kuhn v. Buhl, 251 Pa. 348; Pittsburgh v. Goshorn, 230 Pa. 212; Swing v. Munson, 191 Pa. 582.

Contracts having for their aim the severance of the marriage relation are contrary to public policy and void:

Kilborn v. Field, 78 Pa. 194; Mathiot's Est., 243 Pa. 375; Miller v. Miller, 284 Pa. 414.

The rule of public policy rendering void agreements tending to facilitate a divorce stands on a footing different from the rule denying relief to either party where the parties are equally in the wrong: First Nat. Bank v. Baer, 277 Pa. 184; Irvin v. Irvin, 169 Pa. 529.

There can be no apportionment of the consideration for the contract and the whole must fail: Filson v. Himes, 5 Pa. 452; Kuhn v. Buhl, 251 Pa. 348.

OPINION BY MR. JUSTICE SCHAFFER, April 11, 1927:

The question to be determined on this review is whether a wife by a postnuptial contract which she entered into with her husband has deprived herself of the right to share in his estate. The court below decided that she has not. The only daughter and legatee of the deceased husband appeals.

The widow, appellee, was the second wife of the decedent, the daughter, appellant, the only child of the first marriage.

The agreement into which the husband and wife entered recites that disputes and unhappy differences have arisen between them. The consideration named therein was $1 "and other considerations." It provides for the parties living apart, that the wife may carry on her separate business and that the husband relinquishes any interest in her property which he may have. The husband agreed to file within ten days ʳn application for divorce and to prosecute it to judgment so that the parties should be legally divorced. The wife released her interest in his estate "with the full right and privilege [in the husband] to dispose of the same as though she were legally dead or as if they were never married." The wife agreed "That she will make no defense to any petition or libel in divorce agreed upon to be filed by the" husband. The court below held that this last provision

rendered the entire contract void.  It is the contention of appellant that this part of the contract is executory and severable and the rest of the contract valid.

We agree with the conclusion reached by the trial judge that the entire contract is void.  No useful purpose will be served by reviewing all of the many decisions and textbook authorities in which the question before us has been treated.  The authorities to which we shall briefly refer will point the way to the earlier ones showing the public policy on which their and our present conclusion rests.  "If an agreement binds the parties or either of them to do, or if the consideration is to do, something opposed to the public policy of the state or nation it is illegal and absolutely void, however solemnly made": 13 C. J., p. 424, section 360; Kuhn v. Buhl, 251 Pa. 348.  "If the object of a contract is to divorce man and wife the agreement is against public policy and void. ......It [the law] will not suffer husband and wife to dissolve of their own accord a contract which is in its nature indissoluble except so far as the legislative will has allowed it, and then only by the method authorized. ......For a husband and wife to agree that one of them shall bring a suit for divorce and the other shall not defend, is against the law which recognizes and upholds the sanctity of marriage and is void": 13 C. J., p. 436, section 406; 9 R. C. L. 257.  "If the consideration of the note sued upon was in part or in whole that the respondent should not appear and oppose the divorce, the note was void," per SHARSWOOD, J.: Kilborn v. Field, 78 Pa. Pa. 194.  "An arrangement tending to facilitate the granting of a decree [in divorce] is invalid, and where collusion appears, as shown by a promise not to defend, ......it cannot be sustained": Miller v. Miller, 284 Pa. 414, 418.  The consideration moving to appellee for her release of interest in the husband's estate was the nominal one of a dollar "and other considerations of this agreement," one of which was that the husband should begin proceedings for a divorce which she would not de-

fend. The consideration for the contract was indivisible. "Where the consideration of a contract is indivisible, and a part is illegal, it falls as a whole": Kuhn v. Buhl, 251 Pa. 348, 373; U. S. Life Ins., etc., Co. v. Brown (No. 1), 270 Pa. 264, 268; Delafant v. Shapiro, 73 Pa. Superior Ct. 186; Whitaker v. Richmon, 73 Pa. Superior Ct. 203.

The order of the court is affirmed at the cost of appellant.