## Commonwealth *v.* Michael J. Glennon, Appeal of Annie A. Glennon.

*Contracts—Illegal contracts—Husband and wife—Agreement looking to the procurement of a divorce—Appeal—Act of April 13, 1867, P. L. 78, as amended by the Act of March 5, 1907, P. L. 6.*

A wife who is aggrieved by an order made in a proceeding brought under the Act of April 13, 1867, P. L. 78, as amended by the Act of

March 5, 1907, P. L. 6, is entitled to take an appeal in her own right and in her own name.

Although the act provides that the proceeding shall be in the name of the Commonwealth, it is not of such a strictly public nature that it is necessary to hold that the control of a proceeding thereunder is exclusively in the control of the district attorney, as in the case of prosecution for a criminal offense.

An agreement tending to facilitate the granting of a divorce, although not made primarily for that purpose, is illegal and cannot be imposed as a bar to a wife's claim for maintenance by her husband.

If an agreement binds the parties or either of them to do, or if the consideration is to do, something opposed to the policy of the State or Nation, it is illegal and absolutely void, however solemnly made.

Where the consideration for a contract is indivisible, and part thereof is illegal, the contract as a whole falls.

KELLER, J., dissents in which PORTER, P. J., and HENDERSON, J., concur.

Argued October 11, 1927. Appeal No. 199, October T., 1927, by Annie A. Glennon from decree of M. C. Philadelphia County, Domestic Relation Division, May T., 1927, No. 1157, dismissing petition for order of support in the case of Commonwealth of Pennsylvania v. Michael J. Glennon. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Petition for maintenance and support. Before BONNIWELL, J.

The facts are stated in the opinion of the Superior Court.

The Court dismissed the petition. Petitioner appealed.

*Error assigned,* among others was refusal to grant an order for support.

*Charles B. Harding,* and with him *John F. Maher* and *Edward Marcu,* for appellant.

*Lemuel B. Schofield,* and with him *Samuel J. Randall,* for appellee.

*Franklin E. Barr,* Assistant District Attorney, and with him *Charles Edwin Fox,* District Attorney, for the Commonwealth.

OPINION BY GAWTHROP, J., December 15, 1927:

Annie A. Glennon has taken a personal appeal from the decree of the Domestic Relations Division of the Municipal Court of Philadelphia County, dismissing her complaint filed under the provisions of the act of April 13, 1867, P. L. 78, as amended by the act of March 5, 1907, P. L. 6, charging her husband with separating himself from her without reasonable cause and neglecting to maintain her. The following facts appear by the record and appellant's history of the case: The husband and wife had separated and he was voluntarily paying her $10 per week for her support and maintenance. On November 28, 1925, he brought an action in divorce in Court of Common Pleas No. 3 of Philadelphia County. Both parties were represented by counsel and appellant appeared before the master and contested the suit. The last hearing before the master was held July 6, 1926. On January 19, 1926, appellant filed a bill in equity in Court of Common Pleas No. 5 of Philadelphia County to restrain appellee from encumbering or transferring title to premises No. 57 North Sixty-second Street, Philadelphia, where she lived, and to restrain him from withdrawing moneys on deposit to his credit in a trust company, to which appellant claimed title. On or about December 14, 1926, when the equity suit was at issue and listed for trial, appellant and appellee, both of whom were represented by counsel, entered into an agreement under seal, which provided, inter alia:

(a) For the releasing by the wife of the claim to the moneys deposited in the trust company.

(b) For the conveyance by the husband to the wife of the real estate mentioned in the bill of equity.

(c) For the delivery by the husband to the wife of

the furniture in the house on said premises, with a relinquishment of all his right and title thereto.

(d)  That the equity suit be marked settled, discontinued and ended.

(e)  That, if the master in the divorce proceeding should file a report recommending a divorce, the wife would not file exceptions thereto or take an appeal if the court enters a decree of divorce.

(f)  That the payments by the husband to the wife of $10 per week should cease upon the signing of the agreement.

(g)  That the husband should pay a counsel fee of $225 to the wife's attorney in the divorce proceeding.

(h)  That, if a decree of divorce is refused by the court, the husband should not be liable for the wife's support in the future, and that the conveyance of the real estate above mentioned should be a complete release of all right she might otherwise have in the future for support and maintenance.

A divorce was refused. But a deed to the real estate was executed and delivered by the husband to the wife, and the furniture upon the premises was delivered to her. After the provisions of the agreement had been fully performed by the husband, the wife filed the complaint in the present proceeding which was dismissed by the court below on the ground that the agreement referred to was a bar to appellant's claim for maintenance by her husband.

As already observed this appeal was not taken by the Commonwealth, but by the wife in person. Although no formal motion to quash the appeal on that ground was filed, the question of the right of the wife to take the appeal was raised at the oral argument. We think that the appeal was properly taken by her. The act of 1867, supra, is entitled "An Act for the relief of wives and children, deserted by their husbands and fathers, within this Commonwealth," and its provisions

are expressly declared to be "in addition to the reme-
dies now provided by law"—referring to those enacted
by the General Poor Law of June 13, 1836, P. L. 541.
"These remedies are at the instance of the guardians
or overseers of the poor for the purpose of indemnify-
ing the district in which the wife or child has a settle-
ment against the charge": Demott v. Com., 64 Pa. 302.
The Act of 1867 is not a poor law: Com. v. Hawk-
ins, 80 Pa. Superior Ct. 520. A proceeding under
it is of a quasi criminal nature only: Com. v.
Demott, 64 Pa. 305. A fortiori it is quasi civil in
character. Although the act provides that the pro-
ceeding shall be in the name of the Commonwealth,
it is not of such a strictly public nature that it
is necessary to hold that the control of a proceed-
ing thereunder is exclusively in the control of the
District Attorney, as in the case of prosecution for a
criminal offense. We are unwilling to hold that a wife
who is aggrieved by an order made in a proceeding
brought under this act may not take an appeal in her
own right and in her own name. For these reasons
the appeal should not be quashed.

The contention of appellant is that the agreement
referred to was not a bar to a proceeding under the
act of 1867 and was illegal and against public policy
by reason of the provision therein that she would not
file exceptions, or take an appeal, in the divorce case.
Since the passage of the act of April 18, 1919, P. L.
72, an appeal from an order of the Quarter Sessions
in desertion cases brings up for consideration the
evidence taken in the court below, with like effect as
upon an appeal from a judgment entered upon the ver-
dict of a jury in an action at law, and the appeal no
longer has the effect only of a certiorari to review the
regularity of the proceedings in the court below. There-
fore, it is our duty to review the evidence and decide
whether it supports the order of the court below. This

involves a consideration of the effect of the agreement above mentioned. It was held in Com. v. Smith, 200 Pa. 363, 365, as follows: "A deed of separation, not fraudulently procured, the terms of which are not unreasonable and which has not become null and void by the acts of the parties, is a bar to a proceeding like this; but whether these conditions exist in any particular case, must always be, on all the facts as developed, for the court below, and not for us." This decision followed Com. v. Richards, 131 Pa. 209, in which the Supreme Court reversed, and remitted the record to the Quarter Sessions to permit the wife to show, if she could, that the deed of separation was fraudulently procured and that the terms were unreasonable, or that after its execution it had become null and void by the acts of the parties. Under the latter decision it would ordinarily be our duty to reverse the judgment of the court below and give appellant the opportunity to attack the agreement upon any of the grounds mentioned in the Richards case. But it clearly appears in this case that the only ground upon which appellant challenges the agreement is that the provision in paragraph (e), that if the Master should file a report recommending a divorce she would not file exceptions to said report and would not appeal to this Court from a decree in divorce entered in the court below, was against public policy and illegal and, therefore, rendered the contract void. That the contract was entered into by appellant voluntarily, with a full knowledge of the facts and under the advice of counsel, is beyond question. The question, therefore, is: Was the agreement unenforceable as repugnant to public policy? Upon full consideration, we are clear that the contract is void because of illegality apparent on its face. While we are not persuaded that the sole, or even the main, purpose of the contract was the securing of a divorce, the conclusion is irresistible that the arrangement tended to facilitate the granting of a divorce to the husband.

The promise of the wife that she would not file excep-
tions to a decree against her and would not take an
appeal was a part of an indivisible consideration pass-
ing to the husband. Such a promise cannot be distin-
guished upon principle from an agreement not to pre-
sent a defense, or from an agreement to furnish evi-
dence or aid to the husband if he determine to start a
proceeding to dissolve the marriage bond. The facts,
that the promise was not made until after the case
had been contested earnestly by the wife before the
Master, and that the divorce was refused, did not make
the action of the parties any less collusive. While it
has been held uniformly in this State that a settlement
for support or alimony will be upheld, though a divorce
was in the minds of the parties, if not directly condu-
cive to the procurement of a divorce, our courts have
adhered with equal uniformity to the rule that a con-
tract looking to the procurement of a divorce is collu-
sive and void because it is contrary to public policy.
See Miller v. Miller, 284 Pa. 414; Shannon's Estate,
289 Pa. 280, and cases therein cited. In such cases the
courts overlook the parties and consider the question
one of public policy. ''The maxim, nemo allegans tur-
pitudinem suam audiendus, is inflexible, as between the
parties, but may yield to considerations of public policy
and the duty of preventing the consummation of a
fraudulent and illegal purpose:'' Irvin v. Irvin, 169
Pa. 529, 545. If an agreement binds the parties or
either of them to do, or if the consideration is to do,
something opposed to the policy of the State or Nation,
it is illegal and absolutely void, however solemnly
made: 13 C. J. 424. The consideration for the con-
tract was indivisible. In such a case, where a part is
illegal it falls as a whole: Shannon's Estate, supra;
Kuhn v. Buhl, 251 Pa. 348. The court below, doubtless
inadvertently, overlooked this feature of the agree-
ment. In fairness to that tribunal, it may be said that
the record does not show that counsel for appellant

COM. *v.* GLENNON, Appeal of A. GLENNON.   101

94, (1927).]   Opinion of the Court—Dissenting Opinion of the Court.

raised the question before it, contenting himself with the statement that the agreement was void. Our duty, however, is clear. We must reverse the judgment and remit the record to the court below for the determination of the question, what, if anything, appellant is entitled to receive from her husband for support and maintenance in the circumstances then appearing. As it is admitted that the agreement which we have held void was fully executed, and that the wife got the house and furniture in lieu of any right she may have had in the future for support and maintenance by her husband, the status of the wife at the time of the hearing in respect to what she has received will enter into the determination of the question.

The judgment is reversed and a procedendo is awarded.

---

DISSENTING OPINION BY KELLER, J., Dec. 15, 1927:

The decision of the court in this case invalidates an executed contract, entered into with the advice of counsel and not shown to have been unfair and unreasonable, on the sole ground that it was repugnant to public policy because it tended to facilitate the granting of a divorce to the appellant's husband.

At the time the contract was entered into various suits were pending between husband and wife who were not living together in the family relation. The husband had brought an action for divorce which was being contested by the wife. The wife was receiving $10 a week for her support from the husband and had filed a bill in equity to restrain him from encumbering or conveying away his real estate, No. 57 N. 62nd Street, and from withdrawing certain moneys on deposit to his credit in a trust company, to which she laid claim. The agreement provided for:

(1)   The release of the wife's claim to the money in the trust company.

(2)   The conveyance to the wife of the real estate in suit.

(3)   The assignment to her of all the furniture in the house.

(4)   The settlement of the equity suit.

(5)   The stopping of the $10 a week maintenance payments.

(6)   That if the master in the divorce suit recommended a divorce, the wife would not file exceptions, nor take an appeal if the court granted a decree of divorce.

(7)   That if the divorce was refused by the court, the conveyance of the real estate above referred to should be in satisfaction of her right to future support and maintenance by the husband.

(8)   The payment of a fee of $225 to the wife's counsel in the divorce proceeding.

The agreement contained no promise by the wife not to defend the divorce suit, or to furnish evidence for the libellant: Miller v. Miller, 284 Pa. 414. It neither provided for nor contemplated the abandonment of her contest of the divorce proceedings. She successfully contested the divorce and obtained a decree dismissing the libel. She keeps and retains the real estate and the furniture conveyed to her under the agreement, makes no offer to return them, but seeks to avoid the other clause of the agreement, which was the consideration for the conveyance to her, viz., the relinquishment of her right to claim further support and maintenance from her husband, on the ground that if her contest before the Master had proved unsuccessful she had agreed not to file exceptions to his report.

The opinion of the court holds that "such a promise cannot be distinguished upon principle from an agreement not to present a defense, or from an agreement to furnish evidence or aid to the husband if he de-

termined to start a proceeding to dissolve the marriage bond," notwithstanding the fact that it did not in any manner interfere with the very vigorous contest the wife was then making against the divorce, and which she was successful in opposing. I cannot subscribe to this doctrine. It is admitted that the contract did not actually affect the suit in divorce in any particular, yet because of a conditional clause which never became effective, the judgment of the court permits the appellant to retain all the benefits which accrued to her from its execution and escape from the correlative agreement which formed the consideration for the conveyance to her. I cannot agree to this view and therefore dissent from the judgment.

President Judge Porter and Judge Henderson concur in this dissent.