Complainant sues in the alternative for maintenance under the statute, or the enforcement of a covenant for the payment of $12 per week under a separation agreement. Defendant answers, denying any abandonment or non-support and alleging adultery in bar of maintenance; admitting the separation agreement and the cessation of his payments thereunder, and alleging in justification thereof, first, a breach by the wife of the mutual covenant against molestation in the agreement, and second, that his execution of the agreement was procured by fraud; he also counter-claims for the cancellation of the agreement.
(The foregoing states the pleadings in accordance with the amendments ordered at the hearing — which amendments are of course to be made before decree.)
The circumstances as disclosed by the proofs indicate that at the time of the execution of the agreement the wife would not have been entitled to decree for maintenance. She had left the husband without justification, and the separation agreement was entered into at her instance and solicitation. This was in June, 1927; at that time the husband did not know that his wife had previously been guilty of adultery.
In the early part of 1928 the wife breached her covenant not to molest the husband, and he stopped making the payments to her under the agreement. She therefore brought this suit. She had, however, made no effort or request to resume cohabitation, and, hence, was still not entitled to decree for maintenance. She would have been entitled, as the case stood then, to decree to enforce the payments under the agreement — for the breach of the covenant against molestation is no defense to a suit to enforce payment under the agreement. The covenants are independent; and in legal contemplation the promise of payment is in substitution of the legal duty to support. Thomas v. Thomas, 66/252, not reported; affirmed, 104 N.J. Eq. 607.
After the filing of his answer in this suit, the husband learned for the first time of his wife's prior adultery. It *Page 602 
is evident that he would not now take his wife back — he said he would not have taken her back at the time of the execution of the agreement, if he had known then of the adultery.
The evidence satisfies the court that the wife was, in fact, guilty of the adultery charged. There was no condonation thereof by the husband.
It would certainly seem that the wife's adultery is a good defense to a suit for maintenance. It would be sufficient to entitle him to divorce — which would terminate the legal duty to support; and no reason comes to mind which would require the husband to divorce his adulterous wife, in order to free himself from the duty to support her, if he preferred not to sue for divorce but simply to defend himself against a suit for maintenance. See Whittle v. Schlemm, 94 N.J. Law 112 (at p.116). For that reason — as well as for the reason that the wife has made no effort or request to terminate the mutual separation and to resume cohabitation — it is concluded that the wife is not entitled to decree for maintenance.
As to her right to enforce payment under the agreement — it was held in Whittle v. Schlemm, supra, that adultery by the wifesubsequent to the execution of such a separation agreement is no bar to her right to enforce the payments, unless the agreement conditions the payment upon her remaining chaste. The present agreement contains no such condition.
The present case differs, however, from Whittle v. Schlemm
in that in this case the wife had been guilty of adultery prior to the execution of the agreement. The husband did not know of this, and the wife concealed it from him.
It is evident, from a consideration of the effect of the determination of Whittle v. Schlemm, that his was a concealment of a material fact. Since adultery is a bar to a suit for maintenance, but is not a bar to a suit to enforce payment under a separation agreement containing no dum casta clause, it follows that the husband, by executing this agreement, *Page 603 
placed himself under a greater burden or liability than would have existed without the agreement; he bound himself, in effect, to support his wife even though she should commit adultery, until and unless he should thereafter sue for and obtain decree of divorce from her.
The evidence shows that he would not have executed the agreement if he had known of the prior adultery.
It is concluded, therefore, that this concealment of a material fact by the wife constituted fraud in the inducement of the contract, and that the wife is not entitled to decree under the agreement, but that the husband is entitled to decree for cancellation thereof.