## Commonwealth ex rel. Schaffhauser, Appellant, v. Schaffhauser.

Argued October 8, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Thomas Waltz,* for appellant.

*James J. Davis, Jr.,* with him *John D. M. Hamilton* and *Pepper, Bodine, Stokes & Hamilton,* for appellee.

OPINION BY FINE, J., January 14, 1949:

Augusta E. Schaffhauser appeals from the dismissal of her petition to reinstate and to increase an order of support entered on November 1, 1939, against her husband, Otto Schaffhauser, appellee. The court below concluded that an oral release entered into by the parties discharged appellee from all liability for support. Appellant now challenges that conclusion and contends the

evidence clearly reveals that the release dealt only with support arrearages and not appellee's liability for future support.

When the support order of $10.00 per week was awarded for the support of appellant, the appellee was unemployed and the appellant was earning between $20.00 and $25.00 per week. Appellee fell in arrears under this order in the amount of $755.00 and an attachment was issued. At the hearing thereon on February 18, 1942, the order of November 1, 1939, was suspended at the request of the wife-appellant. On November 2, 1946, appellant filed her petition to reinstate the order of November 1, 1939, and to increase the amount thereof. An answer was filed interposing the defense that on June 1, 1946, an agreement was entered into between the parties whereby appellee was released from all support obligations, past and future, upon his relinquishing to appellant his one-half interest in $9,719.65 which represented the proceeds of the sale of real estate situated in Ocean City, New Jersey, owned by the parties as tenants by the entireties. After a hearing thereon the court below concluded that appellee relinquished his interest in the proceeds from the sale of the Ocean City property in consideration of an oral release from all liability for support; that in the circumstances the transaction was fair and reasonable and ". . . free from fraud or coercion and without concealment of property or other essential facts by the respondent"; and that the petition to reinstate and to increase the order of support should be dismissed.

Appellant testified that at the time of the settlement of the Ocean City real estate, the deed to which she signed, "The only agreement was made orally that he (appellee) was to be released of the past arrears." Appellee testified contrarily that: "The children asked me to go through with this that I would not be obligated for any back pay, and it would be a clean slate. . . . I said to make the arrangements. I said to go ahead, and

it was made through Mr. Stout, and I said if she would release me, I would go through with it, and she got every cent that was coming to her." At another point appellee testified: "I would not have released all that money [his interest in $9,719.65] when I have obligations, otherwise. I would rather send in $750 [arrearages] and keep on paying [support]." It is undenied that appellant received the entire proceeds of the sale of the Ocean City property upon settlement or shortly thereafter. George C. Stout, the real estate broker who conducted the negotiations for the sale of the real estate, testified: "Q. Was any agreement discussed, in your presence, by the parties? A. By the parties in my presence. He [appellee] said, over the phone, he would sign the deed if she released him from the obligations. Q. Did you convey his statement to Mrs. Schaffhauser? A. Yes, sir, she knew that. Q. Did you inform Mrs. Schaffhauser of Mr. Schaffhauser's statement to you? A. Yes, sir, I informed her he would sign the deed if she would release him of his obligations. . . . Q. Tell the Court exactly what transpired in your office at the time the deeds were signed and the money turned over to Mrs. Schaffhauser? A. The deeds were signed after a lot of talking. She wanted to know whether he would sign first or she would, and whether she would get her money. He signed the deeds first, and she signed them. . . . Q. When did this conversation with Mr. Schaffhauser, over the telephone, take place? A. It was around in May or April. It was before the settlement, perhaps in March. Q. You communicated the substance of his communication to Mrs. Schaffhauser? A. Yes. Q. She was fully aware of that when she accepted the money? A. Yes."

The issue for determination is whether the finding of the court below that there exists a valid and subsisting oral release of all obligations of appellee for the support of his wife is based on competent and credible evidence; for, if it is it will not be disturbed on appeal. *Common-*

*wealth ex rel. Arbitman v. Arbitman,* 161 Pa. Superior Ct. 529, 55 A. 2d 586; *Commonwealth v. McCoy,* 81 Pa. Superior Ct. 191; *Commonwealth v. Elliott,* 155 Pa. Superior Ct. 477, 38 A. 2d 531.

"The Supreme Court and this court have ruled in a number of cases that separation agreements between husband and wife are valid and will be upheld where they were entered into without fraud or coercion, were reasonable, and have been actually carried into effect in good faith. See Com. v. Richards, 131 Pa. 209, 18 A. 1007; Com. v. Smith, 200 Pa. 363, 49 A. 981; Frank's Est., 195 Pa. 26, 45 A. 489; Adams v. Adams, 32 Pa. Superior Ct. 353; Hall v. Hall, 97 Pa. Superior Ct. 429": *Commonwealth ex rel. McClenen v. McClenen,* 127 Pa. Superior Ct. 471, 193 A. 83; *Commonwealth ex rel. Mosey v. Mosey,* 147 Pa. Superior Ct. 466, 24 A. 2d 59.

It is conceded the appellee made a full and complete disclosure of all his assets which consisted of two pieces of real estate valued at $1,600.00 and his earnings from his employment as a brew-master in Portsmouth, New Hampshire. Appellant agreed that upon sale of the two parcels of real estate the entire proceeds should be turned over to appellee. In fact, appellant signed the deeds for their conveyance and now makes no complaint that appellee has retained the $1,600.00.

Agreements for the release of future support are of great importance; and will be recognized only when established by evidence which is clear, positive and convincing. In the circumstances as revealed by this record, we conclude, as did the court below, that the agreement was fair and reasonable, was entered into without fraud or coercion, and only after a full and complete disclosure of appellee's assets. As the court below aptly stated: "It is improbable that the respondent would turn over to the petitioner his entire interest in proceeds amounting to $9,719.65 in payment of an arrearage of $755.00."

Only the appellee's liability for the support of his wife was the subject matter of the release and is now the only issue before us. We are not concerned in these proceedings about the promissory note of July 21, 1928, in the amount of $20,000 and payable in three years with interest, which was given by appellee to appellant for loan of like sum.

The order is affirmed; appellee to pay the costs.