## Semple v. Wrobel

*Wellington H. Rosenberry, Jr.,* for plaintiff.

*Bernard DiJoseph* of *Wood, Hauser & DiJoseph,* for defendant.

CORSON, J., January 14, 1949.—In this case plaintiff, Semple, brought suit against Wrobel, seeking to recover upon an alleged wage claim. Plaintiff contended that he had been orally hired as manager of the Royal Oaks Hotel by Frank J. Wrobel, at the salary of $100 per week. This contract allegedly was made either in the latter part of December 1945, or early January, 1946, to begin on March 1, 1946.

Plaintiff allegedly began his services on March 1, 1946, and continued to render services for a period of 41 weeks, when, after a quarrel between the parties, plaintiff no longer visited defendant's place of business and later brought the present suit. Admittedly, during 41 weeks plaintiff never received any payments under the alleged contract.

The jury rendered a verdict for plaintiff in the full amount of his claim. Defendant filed motions for new trial and for judgment n. o. v. which are now before us for consideration.

Defendant bases his motion for judgment n. o. v. upon the following admitted facts: From prior to December 1, 1945, and up until sometime in May 1946, plaintiff, William J. Semple, was the owner, operator and licensee of the Blue Horse Tavern in Blue Bell, this county. In May 1946 the property was sold and the license transferred. There is also some evidence that during the time defendant was the licensee of the Blue Horse Tavern he also acted as manager of an American Legion Post Home in Fort Washington, which also held a liquor license. It is, therefore, admitted that at the time the alleged oral contract was entered into, plaintiff held a restaurant liquor license from the Pennsylvania Liquor Control Board.

The Pennsylvania Liquor Control Act of November 29, 1933 [Special Sessions], P. L. 15, sec. 602, as amended, 47 PS §744-602 (18), provides in part as follows:

"It shall be unlawful for any hotel, restaurant or club licensee . . . to be, at the same time, employed, directly or indirectly, by any other person engaged in the . . . sale . . . of liquor, malt or brewed beverages or alcohol."

Section 610 of the same act, 47 PS §744-610, provides:

"(a) Any person who shall violate any of the provisions of this act shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced . . ."

Under this section of the Liquor Control Act the employment by defendant, Wrobel, a person engaged in the sale of liquor, etc., of Semple, plaintiff, the holder of a restaurant license for the sale of liquor, was unlawful. Any bargain is illegal if either the formation or the performance thereof is prohibited by constitution or statute: See A. L. I. Restatement of the Law of Contracts, 1087, §580. Section 598 of the Restatement, Contracts, provides:

"A party to an illegal bargain can neither recover damages for breach thereof nor, by rescinding the bargain, recover the performance that he has rendered thereunder or its value . . ."

If an agreement binds the parties or either of them to do, or if the consideration is to do something opposed to the policy of the State or Nation, it is illegal and absolutely void however solemnly made: Com. v. Glennon, 92 Pa. Superior Ct. 94 (1927) ; 13 C. J. §360. A contract which is expressly within the prohibition of a statute is void even though the statute does not declare that such contracts shall be void: Seidenbender v. Charles' Administrators, 4 S. & R. 151 (1818) ; Fow-

ler v. Scully, 72 Pa. 456 (1872) ; see also Vandegrift v. Vandegrift, 226 Pa. 254 (1910).

The question might arise in the present case whether the contract was severable and whether it should have the breath of life breathed into it after May 1946, even though it was void at its inception. The contract, even under the theory of plaintiff, was for an indeterminate time. Plaintiff contended that the hiring was to continue until the premises known as the banquet hall had been licensed as a club.

In Williston on Contracts (rev. ed.), vol. 6, §1758, at page 4994, it appears that "It is well settled that if the bargain is absolutely void at its inception . . . it is not validated by a subsequent curative statute, or by repeal of the prohibitory law." Similarly, in A. L. I. Restatement of the Law of Contracts, 1128, §609, it is said:

"A bargain that is illegal when formed does not become legal (a) by reason of a change of fact . . . or (b) by reason of a change of law . . ."

We feel that in no event could the contract be held to suddenly come to life in May 1946 for the sole purpose of fixing plaintiff's salary at $100. We do not decide, however, whether or not plaintiff would be entitled to recover upon a quantum meruit for the period when plaintiff transferred his license up until the fall of 1946, when plaintiff admittedly no longer performed any services for defendant.

Since we feel that the motion for judgment n. o. v. must be sustained, it is therefore unnecessary at this time to rule upon the motion for a new trial.

And now, January 14, 1949, for the reasons given, defendant's motion for judgment n. o. v. is sustained; the verdict of the jury is set aside; and judgment is directed to be entered for defendant. An exception is allowed to plaintiff.