Commonwealth ex rel. Miller *v.* Miller, Appellant.

Argued March 24, 1954. Before Ross, Gunther, Wright, Woodside and Ervin, JJ. (Rhodes, P. J. and Hirt, J., absent).

*James J. Davis,* with him *Pepper, Bodine, Stokes & Hamilton,* for appellant.

*John Pemberton Jordan,* for appellee.

OPINION BY WRIGHT, J., July 13, 1954:

This case involves an action for support filed by a wife against her husband. The defense to the action was a separation agreement, which the court below held invalid because it was (1) "predicated fundamentally to provide for the obtaining of a divorce" and (2) "palpably unreasonable". The husband has appealed.

The parties were married on August 4, 1951, and there are no children. Prior to the marriage, the wife had suffered a broken coccyx, for which she was undergoing constant medical treatment. Appellant was aware of this condition, but insisted upon the marriage nevertheless. In October, 1951, while appellee was in a hospital for an operation, appellant asked her for a divorce, and, after appellee's return home, kept insisting upon getting a divorce. According to his testimony, the happy period of the marriage "lasted hardly the first month". In June 1952, appellee consulted an attorney because appellant told her "he was going to clean the checking account out". The parties continued to live together until December of that year, following the execution of the separation agree-

ment in question. After the usual preliminary clauses, the agreement provided as follows:

"4. The husband agrees to pay to the wife the sum of Twenty-eight hundred fifty ($2850.00) dollars as follows:

The husband will pay Three hundred fifty ($350.00) Dollars on the signing of this agreement.

The husband will pay the balance of Twenty-five hundred ($2500.00) Dollars at the signing of this agreement, which sum, however, shall be deposited in a special account in the joint names of James J. Davis, Jr., Esq. attorney for the husband, and J. Arthur Ewing, Esq., attorney for the wife, in escrow, and they are to pay the wife the sum of Twenty ($20.00) Dollars per week from the signing of this agreement until a final decree in divorce shall be entered by the Court of Common Pleas of Philadelphia County, in a suit for divorce brought by either party to this agreement, and upon the entering of such final decree, shall pay to the wife whatever balance shall then remain in said account. The first payment of Twenty ($20.00) Dollars shall be made upon the signing of this agreement and the other payments weekly thereafter.

5. If, for any reason, the Court shall refuse to enter a decree in divorce in the suit instituted by either party, then any balance remaining in said escrow account shall be repaid to the husband.

6. The husband is to continue payments for hospitalization insurance until the final decree is entered by the Court.

7. Immediately after signing this agreement the wife shall institute proceedings for an absolute divorce in the Common Pleas Court of Philadelphia County and shall prosecute the same with diligence to the entry of a final decree, granting or refusing such divorce."

In compliance with the terms of the agreement, appellee instituted an action in divorce on December 15, 1952. The testimony is clear, however, that she was not desirous of obtaining a divorce and, after having the master's hearing continued, she finally petitioned to discontinue the action. Appellant made the down payment of $350.00, which represented the divorce charges. The remaining $2500.00 was deposited in escrow, and weekly payments of $20.00 were made from December 5, 1952, until March 2, 1953, when appellant learned that the wife's divorce action was to be discontinued. On March 26, 1953, appellant commenced his own action for a divorce, whereupon appellee countered with a petition for alimony pendente lite, counsel fees and expenses, and also a rule for a bill of particulars. On July 6, 1953, both divorce actions were discontinued. It is important to note that no grounds for divorce existed on the part of either party. On June 5, 1953, appellee filed the present action for support.

Since the Act of April 18, 1919, P. L. 72, 12 PS §1165, it is our duty to ascertain whether there was evidence to sustain the order of the court below: *Commonwealth ex rel. Arbitman v. Arbitman*, 161 Pa. Superior Ct. 529, 55 A. 2d 586. Bona fide agreements relating to alimony or the adjustment of property rights between husband and wife will be upheld if not directly conducive to the procurement of a divorce: *Miller v. Miller*, 284 Pa. 414, 131 A. 236. But if the object of the contract is to divorce man and wife, the agreement is against public policy and void: *Shannon's Estate*, 289 Pa. 280, 137 A. 251. An agreement tending to facilitate the granting of a divorce, although not made primarily for that purpose, is illegal: *Commonwealth v. Glennon*, 92 Pa. Superior Ct. 94. The court must inquire into the circumstances attending the execution

of the agreement relied upon as a defense, and the agreement will be enforced only if it meets the necessary conditions: *Commonwealth ex rel. McClenen v. McClenen*, 127 Pa. Superior Ct. 471, 193 A. 83.

An examination of the quoted portions of the present agreement, together with a review of the testimony, permits no conclusion other than that the purpose of the agreement was procurement of a divorce. Paragraph 7 is objectionable in providing that the wife *shall* institute a divorce proceeding. See *Zlotziver v. Zlotziver*, 355 Pa. 299, 49 A. 2d 779. That the ultimate purpose of the husband was the securing of a divorce is also apparent from paragraph 5, which makes the wife's right to the balance remaining in the escrow account contingent upon the divorce decree. Furthermore, as pointed out by Judge PIEKARSKI, the husband's subsequent conduct was conclusive evidence of the manner in which he himself interpreted the agreement.

Appellant relies upon a line of decisions holding that a separation agreement is binding although a divorce may have been in contemplation. See *Forbes v. Forbes*, 159 Pa. Superior Ct. 243, 48 A. 2d 153; *Commonwealth ex rel. Rossi v. Rossi*, 161 Pa. Superior Ct. 86, 53 A. 2d 887; *Schmoker v. Schmoker*, 359 Pa. 272, 59 A. 2d 55; and *Commonwealth ex rel. Schaffhauser v. Schaffhauser*, 164 Pa. Superior Ct. 54, 63 A. 2d 410. These cases can be readily distinguished on the grounds that (a) in none of them did the agreement have for its purpose the procurement of a divorce; and (b) in all of them grounds for divorce existed, and the agreement was primarily intended as a property settlement. In view of our conclusion, it is unnecessary to consider the second ground relied upon by the lower court.

Order affirmed.