Fernaleen W. CARR

v.

Denver C. WISECUP, Individually and Trading as Nancy Trailer Sales, Appellant.

No. 12669.

United States Court of Appeals Third Circuit.

Argued Dec. 5, 1958.

Decided Jan. 19, 1959.

158

Miles Warner, Philadelphia, Pa., for appellant.

Leon Rosenfield, Philadelphia, Pa., for appellee.

Before KALODNER, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

Fernaleen Carr is here suing her former husband on two written contracts which they executed shortly prior to and in anticipation of their separation and divorce. At that time the parties were domiciled in Pennsylvania and they contracted in that state. The plaintiff, however, has remarried and lives in Florida. Accordingly, this suit is in federal court as a diversity action to enforce Pennsylvania contracts.

One of the contracts in suit covered the husband's purchase of the wife's interest in their partnership business. The other was in the nature of a separation agreement. It provided, among other things, for continuing monthly payments by the husband to the wife for her support and for the support of their two minor children. In the court below the plaintiff recovered the full amount claimed under the separation agreement. As to the separate count of the complaint which seeks recovery of the agreed price of the wife's interest in the partnership, the court made findings that a balance of $3,336.90 of the contract price remained unpaid by the husband, but that under the terms of the contract of sale this balance was not yet due and payable. The judgment says nothing about the separate counts but merely recites a lump sum recovery in the amount which the court's findings say is due under the settlement count. However, the obvious implication is a recovery of that amount on the settlement count and nothing on the partnership count.

A principal challenge to the award made on the settlement agreement concerns the question whether, unknown to the defendant, the plaintiff's marriage to him was bigamous. That question arose in this way. The pleadings said nothing about any prior marriage, or concealment thereof constituting fraud or failure of consideration. However, eleven days before trial counsel for the defendant wrote the trial judge, with a copy to plaintiff's counsel, saying that facts very recently brought to his attention "have given counsel reason to suspect that at the time of her marriage to Defendant, Plaintiff was already married and undivorced. If verified such a state of affairs would lead to vitiation of all the purported agreements between Plaintiff and Defendant on the ground of fraud since said agreements presupposed, and were founded on a valid marriage between the parties." The letter continued with a request for a continuance to permit further investigation of the marital history of the plaintiff. Counsel for the plaintiff then sent the judge a letter opposing any continuance and saying among other things that it "is not a fact that plaintiff was a married woman when she and defendant were married." The court informally indicated that a continuance would not be granted and, accordingly, the case proceeded to trial. Plaintiff testified in support of her claims to recovery on the contracts. On cross-examination defense counsel sought to interrogate her about her marital status before and at the time of her marriage to defendant. The court on its own motion over defendant's objection excluded this entire line of inquiry saying "we are not trying any previous marriage here and I am going

to exclude every phase of it." The court did permit counsel to read the above mentioned letters into the record and to state explicitly that the purpose of his attempted cross-examination was to show an undissolved prior marriage.

On this appeal that restriction of cross-examination is said to be error entitling the appellant husband to a new trial. Appellee says that the court's ruling was correct both because any prior undissolved marriage was irrelevant to the enforceability of the separation agreement and because no subsisting prior marriage or fraudulent concealment thereof had been pleaded.

The argument of irrelevance is based on a contention that the separation agreement was no more than a formalizing of a father's obligation to support his children which would exist even if the parents were never legally married. But on its face the written agreement is more than that. In preamble it recites the purpose of "Husband and Wife * * * to settle and determine finally and for all times their mutual property rights, the support and custody of their minor children, and the support of Wife by Husband." As his principal undertaking the husband promises to pay the wife $100 per week for the "care, maintenance, education * * * of Wife and two minor children * * *." It is expressly agreed that the wife shall have custody of the minor children. Appellee stresses the additional provision that the promised payments shall be discontinued entirely when the younger child—then four years of age—shall attain the age of 18 years. However, the fact that it was agreed that payments should be made only during the minority of the children did not prevent the agreed sums from being, in substantial part at least, support money for the wife. The agreement expressly designated the $100 per week as maintenance for the wife and the children and there is no evidence of any contrary understanding, even if we should assume the admissibility of such evidence.

Thus, we have a husband, in contemplation of divorce, agreeing that his children shall be entrusted to the custody of their mother and that he will pay substantial sums monthly towards the support of that household. The essential basis of such an agreement is the existence of a lawful marriage and its purpose is to discharge obligations which that status imposes. If the "wife" has concealed an undissolved prior marriage there is no duty to support her and there may well be an unwillingness to entrust her with the custody of the children and the administration of funds for their support. Indeed, it is hard to conceive of anything calculated more radically to affect the negotiation of a separation agreement than the discovery by one spouse that the other has knowingly committed bigamy. Therefore, the concealment of an undissolved prior marriage would provide the clearest legal basis for the invalidation of a separation agreement. Beidler v. Beidler, Fla.1949, 43 So.2d 329; Cf. Sabbarese v. Sabbarese, 1929, 104 N.J.Eq. 600, 146 A. 592, affirmed 107 N.J.Eq. 184, 152 A. 920 (concealment of adultery at time of separation agreement); Joiner v. Joiner, Tex.Civ.App.1935, 87 S.W.2d 903 (concealment of plan to remarry). In our view the argument of irrelevance is not even colorable.

More serious is the contention that no evidence was admissible on this issue because it was not pleaded. Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C., embodying a familiar common law rule, expressly requires that affirmative defenses, including the defenses of fraud and failure of consideration, must be pleaded by the party who would rely on them. In addition Rule 9(b) requires that a pleading of fraud particularize the nature and circumstances of the wrongdoing. The present case is unusual in that, although the issue was never raised in formal pleading, defense counsel advised both the court and plaintiff's counsel by letter of his desire to inquire into this issue and to rely upon it if the fraud claim should be substantiated. More-

over, plaintiff's counsel took cognizance of the matter to the extent of denying to the court in writing that his client was party to an undissolved prior marriage. Thus, the plaintiff was made aware of the issue and indicated that the facts upon which it depended were within her knowledge, as they must have been. It is also noteworthy that when the attempt was made to cross-examine the plaintiff on this issue, no point was made that it had not been pleaded or that plaintiff was surprised.

 More generally, it has been said with reason that "the court should scrutinize them [separation agreements] closely, without too much respect for formal rules of pleading and procedure, and see to it that no unconscionable advantage [has been] obtained through fraud or intimidation." See Hiett v. Hiett, 1905, 74 Neb. 96, 98, 103 N.W. 1051, 1052. A rather similar approach to judicial responsibility in such cases was indicated by the Superior Court of Pennsylvania when it said that "the court has not only the right, but the duty, * * * to inquire into the circumstances attending the execution of the agreement of separation and will enforce its terms only if it meets the conditions [of good faith] above stated." See Commonwealth ex rel. McClenen v. McClenen, 1937, 127 Pa.Super. 471, 193 A. 83, 84; Accord Commonwealth, ex rel. Miller v. Miller, 1954, 176 Pa.Super. 64, 106 A.2d 627.

In all the circumstances we think the court below should have permitted the defendant to go into the issue of prior undisclosed marriage, even if this should have involved permitting an amendment of the pleadings during the trial and granting the parties additional time to marshal their evidence on so fundamental an issue of integrity and good faith. And it seems to us that justice will best be served now by setting aside the judgment and remanding the cause to permit the proper pleading and proof of the affirmative defense of prior undissolved marriage and concealment thereof said to constitute fraud or failure of consideration. It will be for the trial court to determine whether there shall be an entire new trial on the settlement count or only a partial new trial of this affirmative defense.

We find no error in the denial of present recovery on the count covering the sale of an interest in a partnership. However, the new judgment should indicate separately and explicitly what disposition is being made on the claim asserted under each contract.

The judgment will be reversed and the cause remanded for further proceedings consistent with this opinion. The several motions filed by appellant in connection with his appeal will be denied.